| 68 | 57 |
|---|---|
| 83 | 511 |
| 83 | 568 |
| 84 | 200 |
| 68 | 57 |
| 99 | 510 |
| 68 | 57 |
| 103 | 284 |
| 68 | 57 |
| 119 | 52 |
| 68 | 57 |
| 134 | 625 |

[No. 9782.   Department One. — November 25, 1885.]

## TEHAMA COUNTY, Respondent, v. MORRISON BRYAN, Appellant.

Practice — Pleading — Special Demurrer. — Where a complaint states all the facts essential to a recovery, but states them imperfectly, a demurrer, to be effective, must be special, and directed against the particular defects complained of.

Eminent Domain — Condemnation of Land for Road — Petition — Pleading — Tax-payers of Road District. — The action was brought to condemn land for the use of the public as a highway.   The complaint averred in effect that the petition for the road was signed by more than ten freeholders of Butte Mountain Road District, and that each of them was a tax-payer, upon taxable property, within the road district.   The petition was set out in the complaint, and was signed by seventeen persons describing themselves as freeholders of the road district and taxable therein for road purposes.   *Held*, that the complaint sufficiently averred that the persons petitioning for the road were taxable therein for road purposes.

Id. — Damages to Owner of Land — Appropriation of Money for Road District Fund. — The complaint further alleged and the court found that after the report of the viewers came in, and after due notice, a hearing was had by the board of supervisors, and the sum of one hundred and fifty dollars was awarded to the defendant as damages; that the defendant refused to accept and never has accepted the same; that at the hearing the county treasurer was directed by the board to set apart such amount in the county treasury, out of the fund of the Butte Mountain Road District; that the auditor was directed to draw a warrant on the treasurer therefor, to pay the defendant the amount of damages awarded him; that on the following day the treasurer set apart the money for the defendant; and that the same still remains in the

treasury. *Held*, that the complaint sufficiently alleged that at the time
the board of supervisors made their award to the defendant there was
money in the fund with which to pay it, and that the statute requiring
immediate payment to a party in whose favor damages are awarded, or
that the money to make such payment should be set apart for him, had
been sufficiently complied with.

ID. — REPORT OF VIEWERS — JURISDICTION OF SUPERVISORS. — The report
of the viewers appointed to lay out the proposed road examined, and *held*
to be sufficient to invest the board of supervisors with jurisdiction to
proceed in the matter of opening.

ID. — QUESTIONS TO BE DETERMINED BY SUPERVISORS. — Under section 1241
of the Code of Civil Procedure, before any steps can be taken ·in the
courts for the condemnation of private property for road purposes, the
board of supervisors must determine the necessity of the use, its public
character, the route and termini of the road, the land necessary therefor,
and the apparent ownership thereof.

ID. — FINDING OF DAMAGES — IMPROVEMENTS. — Section 1248 of the Code
of Civil Procedure, providing the mode of ascertaining damages, re-
quires the value of land to be taken and all improvements thereon
pertaining to the realty to be valued, but does not require the improve-
ments to be assessed separately from the land.

ID. — The findings of the jury on the question of damage and benefit to the
land examined, and *held* sufficient.

ID. — VALUE OF LAND WHEN DETERMINED — CONSTITUTIONAL LAW. — The
value of the land sought to be condemned should be determined as of the
date on which the summons in the case issued.   Section 1249 of the Code
of Civil Procedure so providing is not unconstitutional.

ID. — EFFECT OF A CERTAIN REPEALING ACT. — The act of February 28,
1883, repealing chapter 2 of title 6 of part 3 of the Political Code, did
not abrogate existing road districts.

APPEAL from a judgment of the Superior Court of
Tehama County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Hatch & Chadbourne*, and *John F. Ellison*, for Appel-
lant.

*L. V. Hitchcock*, and *Chipman & Garter*, for Respond-
ent.

SEARLS, C. — This is an action to condemn a strip of
land, the property of defendant, for the use of the public
as a highway.   Certain issues were submitted to a jury,
and the remaining issues were tried by the court without
a jury.   Upon the verdict of the jury and findings of the

court, judgment of condemnation was entered.    The appeal is from the judgment, and from an order denying a new trial.    A demurrer to plaintiff's complaint as amended was interposed, upon the ground that said complaint as amended, "does not state facts sufficient to constitute a cause of action."    The demurrer was overruled.    It is objected that the complaint fails to show that the persons petitioning for the road were taxable in Butte Mountain Road District for road purposes.

Section 2681 of the Political Code provides that " any ten freeholders of a road district, taxable therein for road purposes, may petition in writing," etc.    The complaint, as originally filed, averred that the petition was "signed by more than ten freeholders of said Butte Mountain Road District," and proceeds to set out *in hacc verba* as a part of the complaint the petition, in which it is stated: "The undersigned freeholders of Butte Mountain Road District, Tehama County, state of California, and taxable therein for road purposes," etc.,—which petition is signed by seventeen persons.

In the complaint, as amended, there is the further allegation that the "petitioners who signed the said petition were all and each tax-payers upon property taxable within the said road district, to wit, Butte Mountain Road District of Tehama County, state of California.

A complaint which fails to state all the facts essential to a recovery may be attacked by a general demurrer, as provided in the sixth subdivision of section 430 of the Code of Civil Procedure.    Where a complaint states all the facts essential to a recovery, but states them imperfectly, a demurrer, to be effectual, must be special, and directed against the very defect apparent.    (*Himmelmann* v. *Spanagel*, 39 Cal. 401.)    We think the complaint, as amended in this case, was not subject to the attack made upon it in the respect indicated.    What is wanting in the other averments is supplied by the petition, which became, and is, a part of the pleading.

It is further objected that the complaint fails to allege that at the time the board of supervisors awarded to the defendant damages, in the sum of $150, there was any money in the Butte Mountain Road District fund. It appears from the complaint that after the report of the viewers came in, and after due notice, a hearing was had, and the sum of $150 was awarded to defendant as damages; that defendant, who was present, then and there declined the same, and for ten days thereafter defendant did not, and never has, accepted the same; that at the same time the county treasurer was ordered and directed by the board to set apart in the treasury of said Tehama County, out of the fund of said Butte Mountain Road District, the said amount, etc.; that the auditor was ordered to draw a warrant, in favor of A. J. Loomis, for the sum of $153.75, to pay defendant the amount of damages awarded him, and that the amount so set apart for the said Morrison Bryan still remains in the said treasury.

Section 2689 of the Political Code requires the board of supervisors, if they approve the report of the viewers and establish the location of a road, to order the amount of damages sustained by each and every person, etc., as fixed by them, to be set apart in the treasury out of the proper fund, to be paid to the owner or claimant of the land to be taken. The money so set apart is required to be returned to the fund from which it came if not accepted by the owner or claimant.

By section 2690, if any award of damages is not accepted within ten days from the date of the award, it shall be deemed rejected by the land-owner. The case of *Murphy* v. *De Groot*, 44 Cal. 52, is essentially different from this. The proceedings there were under a statute which required the supervisors, upon the report of the viewers being filed, to "order the amount of damages sustained by each and every person owning or claiming said lands, to be set apart in the treasury, to be paid to

the proper owner or claimant. . . . . From the time of setting apart of the amount, as above provided, said lands shall be deemed to be taken up for public use." The board of supervisors under that statute awarded damages to the plaintiff, but failed to set the amount thereof aside in the treasury, and this court held such action not to be a compliance with the requirements of the statute. The statute under which that cause was decided made the order equivalent to a condemnation of the land for public use; and under every well-considered case it is held that before private property can be taken for a public use, compensation must be made or provided for with certainty. The order in that case made no specific provision for payment, and the court said: "This was not a compliance with either the letter or spirit of the law, and the plaintiff's land was not therefore 'deemed to be taken for public use.'"

*Coburn* v. *Ames*, 52 Cal. 385, was under a statute which required that the damages shall be paid to the parties entitled thereto, or have been deposited with the clerk of the board of supervisors, to be by him paid to the parties, *before the road shall be opened.* It appeared on the trial of the cause that the damages awarded had not been paid or deposited with the clerk, and it was thereupon held that "the road was not legally established."

Under the act of February, 1883, while the board of supervisors is required to set apart in the county treasury the amount of damages awarded to claimants, it is not provided that upon refusal to accept the sum awarded a condemnation shall or can be had, except upon judicial proceedings instituted for that purpose.

The complaint here avers an order setting apart the damages awarded to defendant, and that the county treasurer set apart the sum so awarded, which sum still remains in the said treasury. We think this was quite sufficient under the statute. Unless the money was in the fund, it could not be set apart and remain in the

treasury. The allegation that a warrant was drawn for the amount of the damages awarded in favor of Loomis, was surplusage, but could not injuriously affect the defendant, and cannot be reached by a general demurrer.

It is next objected that the report of the viewers, a copy of which is set out in the complaint, was insufficient to invest the supervisors with jurisdiction to proceed further in the matter of opening. The report gives the course, termini, length, and probable cost of construction of the proposed road, the names of the owners of land over which it runs, the consent of one of such owners, the amount of damages claimed by each and names of those not consenting, the estimate of damages to those over whose land it is proposed to run the road, except as to the owner who consents, etc. We do not think the report defective in the respects suggested. Section 2686 of the Political Code prescribes what the report must contain. The preceding section requires the viewers to estimate the cost of any bridges or grading necessary, etc. The probable expense of these enter into and form a part of the aggregate of the "probable cost of construction of the proposed road" required by the next section to be reported, but the several items of expense, such as grading, bridges, etc., are not required to be reported separately.

Without devoting further consideration to the demurrer, we think it sufficient to say that the complaint was sufficient and the demurrer properly overruled.

It is next objected that the findings are insufficient to support the judgment, in this, that there is no finding by the court of the value of the land sought to be condemned, or of the improvements thereon. Section 14 of article 1 of the constitution provides that "private property shall not be taken or damaged, for public use, without compensation having been made or paid into court for the owner."

With a view to carrying out this constitutional pro-

vision, the legislature has provided by title 7, of part 3, of the Code of Civil Procedure, the mode for carrying into effect of this provision of the constitution to be pursued in ascertaining damages, etc.   By section 1241 it is provided that "before property can be taken, it it must appear,—

"1. That the use to which it is to be applied is a use authorized by law.

"2. That the taking is necessary to such use."

It is the province and is made the duty of the board of supervisors to decide these questions in all cases where private property is required for highway purposes.   The necessity of the use, its public character, the route and termini of the road, the land necessary therefor, and the apparent ownership thereof, are to be determined by that body before steps can be initiated in the courts for its condemnation for road purposes.

Section 1248 of the Code of Civil Procedure provides the mode of ascertaining and assessing damages as follows:—

"1. The value of the property sought to be condemned, and all improvements thereon pertaining to the realty. . . . .

"2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff.

"3. Separately, how much the portion not sought to be condemned . . . . will be benefited, if at all, by the construction of the improvement proposed by the plaintiff; and if the benefit shall be equal to the damages assessed under subdivision 2, the owner of the parcel shall be allowed no compensation, except the value of the portion taken; but if the benefit shall be less than the damages so assessed, the former shall be deducted from

the latter, and the remainder shall be the only damages allowed in addition to the value.

. . . . . . .

"5. As far as practicable, compensation must be assessed for each source of damage separately."

The court submitted to a jury certain issues which were passed upon, and as to other issues the court passed upon them. Among the questions propounded to the jury was the following:—

"2. Upon the twenty-third day of August, 1883, what was the value of the property of the defendant sought to be condemned,—that is to say, of the land of defendant situated and embraced in the right of way sought to be obtained, and the value of all improvements thereon pertaining to the realty?"

To which the jury returned:—

"Answer—We, the jury, find damages: on the road-bed, $41.25; on eighteen panels, $30. Total, $71.25."

It is objected that this finding does not ascertain the value of the land.

The question was placed before the jury in proper form, and while the answer does not expressly say the damages found are the sum of that value, we think the inference to be deduced from the answer is, that they found the value of the land to be $41.25 and the improvements $30, making a total of $71.25.

The statute requires the value of the land or property to be taken, and all improvements thereon pertaining to the realty to be valued, but does not require the improvements to be assessed separately from the land, and if we discard the whole answer of the jury except the final summing up of "total, $71.25," it would, we think, be in form sufficient.

The jury further found that the property sought to be condemned formed a part of a larger parcel belonging to defendant, and that the portion not sought to be condemned would be damaged to the extent of $728; and in

answer to the question, "How much will the portion not sought to be condemed be benefited, if at all, by the construction of the proposed road?" the jury replied: "We, the jury, find benefits to the land on the north side of said road at $649.25."

As to the land south of the road, the finding must be construed as saying that there was no benefit to be received from the road, or as a failure to find.

As the benefit, if any, is to be deducted from the damage occasioned by taking a portion only of defendant's land, he cannot, in any event, be injured by the failure to find a benefit.

The value of the land was under the issue ascertained as of August 23, 1883, the date at which summons in the case issued, as provided in section 1249 of the Code of Civil Procedure.

It is urged by appellant that the market value of the land at the *time of trial* is the true measure of damages, and that the provision of the Code of Civil Procedure (section 1249), fixing the date of summons as the time at which to ascertain the value, is in derogation of the constitution, and we are referred to *Cal. S. R. R. Co.* v. *Colton*, 1 W. C. Rep. 470, as sustaining this contention.

That case reversed the judgment of the court below, but a rehearing was granted, and on the 25th of July, 1884, the court in Bank rendered a decision affirming the judgment of the court below (3 W. C. Rep. 377), upon the authority of *Cal. S. R. R. Co.* v. *Kimball*, 61 Cal. 90.

In the case last quoted, the constitutionality of section 1249 of the Code of Civil Procedure was upheld as not being in conflict with section 14 of article 1 of the constitution.

It appears by the findings that on the eighteenth day of June, 1883, the board of supervisors ordered the sum of money awarded by them to the defendant as damages to be set apart in the treasury, out of the road

fund of Butte Mountain Road District, to be paid to the defendant; and it appearing that the treasurer had not at the time set apart to that road district the money to which it was entitled for that year, and that the moneys to which said district was entitled were in the general fund of the county, the said board thereupon ordered a warrant drawn upon the general fund, by the auditor, in favor of A. J. Loomis, the county treasurer, for the amount set apart to defendant, and on the following day the treasurer set apart the money for defendant.

What the statute requires is immediate payment to a party in whose favor damages are awarded, or that the money to make such payment shall be appropriated and set apart to await his acceptance at any time during the ten days given him to elect whether or not he will accept.

The statute should, however, receive a reasonable construction. The several orders necessary therefor, and the act of setting apart the amount awarded, cannot all be executed in an instant of time, and where it appears, as here, that the county had the means at hand to meet the demand, and nothing was wanting but the time to execute the several orders necessary to transfer the fund, and that it was properly placed and held for the defendant within a day, then, as against a party who has not demanded and who has refused to receive the damages thus awarded and set apart for him, we think compliance with the statute was sufficiently certain and prompt.

Had defendant demanded the damages awarded him, or shown a willingness to accept the same, the question of the delay would have been open to consideration.

The act of February 28, 1883, repealed chapter 2 of title 6 of part 3 of the Political Code. Also "all laws concerning roads and highways in conflict with this act, and all laws applicable to particular counties of this state, concerning roads and highways, are hereby repealed."

It is contended by appellant that the effect of repealing the former law, coupled with the fact that by section 2641 the board of supervisors of the several counties are required to divide their respective counties into suitable road districts, and may change the boundaries thereof, must be construed as repealing all the existing road districts, and as Butte Mountain Road District was organized by the board of supervisors before the passage of such act, its existence ceased with the repeal of the former law.  We cannot accede to this view of the law.

Road districts, under the former law, were created by the ordinances or orders of the boards of supervisors, and the repeal of the law under which they acted did not have the effect of invalidating their lawful acts performed while the law was in force.

It might, we think, with equal propriety, be contended that an act of the legislature abolishing a court organized by virtue of a statute rendered its judgments previously rendered null and void.

It is true, the statute as amended in 1883 made it the duty of the supervisors to divide their counties into road districts; but until this was done, all districts in existence under former laws continued to be and remain as such.  (*Hull* v. *Superior Court*, 63 Cal. 174.)

The object of the new law was not to bring back chaos, but to establish a uniform system governing the highways of the state.

We cannot refer in detail to all the objections made by appellant to the proceedings in the court below.  None of them are, as we think, of such a character as to demand a reversal of the judgment, which, with the order denying a new trial, should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.