[No. 12749.   Department One. — May 31, 1890.]

ELIZABETH A. GRANT, EXECUTRIX, ETC., RESPONDENT, *v.* DANIEL SHEERIN, APPELLANT.

PLEADING — BREACH OF CONTRACT — NON-PAYMENT — GENERAL DEMURRER — SPECIAL DEMURRER. — A complaint which entirely fails to state a breach of the contract sued upon, or to allege the non-payment of money sought to be recovered, states no cause of action, and may be assailed by general demurrer; but if there is not an entire failure to state the fact of breach or non-payment, and the averment is simply uncertain and defective, the defect can only be reached by special demurrer particularly designating the specific point at which it is aimed.

ID. — ALLEGATION OF DEMAND AND REFUSAL TO PAY. — A complaint in an action to recover money, which alleges a demand of payment of the amount sued for, and that "defendant has refused, and still refuses, to account for or pay the same, or any part thereof," while subject to special demurrer for not definitely and certainly alleging non-payment of the money, does not so entirely fail to allege non-payment as to be subject to a general demurrer for not stating facts sufficient to constitute a cause of action.

ID. — APPEAL — SUPPORT OF JUDGMENT — FINDING OF NON-PAYMENT. — Such complaint will support the judgment upon an appeal taken from the judgment roll alone, if the court has found that no part of the money for which judgment was entered had been paid.

SUFFICIENCY OF FINDINGS — APPEAL FROM JUDGMENT. — Though the findings may be open to some criticism, yet if they are intended to and in effect do cover all the issues tendered by the pleadings, they will be held sufficient upon appeal from the judgment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*M. C. Hassett,* and *James F. Tevlin,* for Appellant.

*Michael Mullany,* for Respondent.

BELCHER, C. C.—This is an action for an accounting, and to recover money alleged to be due the plaintiff.

The complaint alleges that one John Grant, the plaintiff's testator, was the owner of a certain marble monument of great value, and that, for the purpose of effecting a sale thereof, he placed the monument in the possession of the defendant, with authority to sell it; that defendant accepted the monument for and on account of said Grant, and took and held the same until some time in May, 1885, when, under the authority so given, he sold it, as plaintiff is informed and believes, for the sum of one thousand dollars, or thereabouts, and received the purchase price thereof; and that "since the sale of said monument, and the receipt by defendant of the purchase price thereof, plaintiff, as such executrix, has demanded from defendant an accounting of said sale, and the payment to her of the purchase price of said monument; and defendant has refused, and still refuses, to account for or pay the same, or any part thereof."

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and his demurrer was "overruled for want of prosecution, and five days allowed to answer."

Within the time allowed, an answer was filed, which admitted "that the said John Grant placed the said monument in the possession of defendant, with authority to sell the same," and that "the said monument was sold in the year 1885," but denied that it "was sold for any other or greater sum than the sum of about $550," or "that defendant ever refused or failed to account to plaintiff for any moneys which she is or might be entitled to receive from the defendant." The answer

then set up that between the years 1870 and 1878 the said Grant requested defendant to take certain marble monuments, among which was the one mentioned in the complaint, and to do work and labor thereon, and add thereto such other marble work as would make them more valuable and easy of sale; that defendant received the monuments and did work and labor upon the same, and added a large amount of material thereto, and made the same of greater value and easy of sale; that the defendant, from time to time, sold all of the said monuments except one; that the net amount of all money received from such sales, "exclusive of defendant's material furnished as aforesaid, expenses of sale, and work and labor done thereon by defendant, was the sum of $1,041.80"; that while the monuments were in the possession of defendant, he advanced to Grant the sum of $1,235, upon the agreement and understanding between them that whenever defendant could dispose of the monuments, he should pay himself out of the proceeds of the sale all moneys so advanced; that the defendant had not received from the sales the full amount advanced, and that there was still due him a balance, which, with interest, amounted to more than $1,000.

Upon the issues framed the case was tried by the court, and judgment given for plaintiff "for the sum of $441.92, and legal interest thereon from the first day of June, 1885, viz., for the sum of $524.34 and costs." From this judgment the defendant appealed, and has brought the case here on the judgment roll.

1. The first point made is, that the complaint failed to state facts sufficient to constitute a cause of action, because there was no sufficient averment of non-payment; and in support of this position *Scroufe* v. *Clay*, 71 Cal. 123, is cited. In that case the action was upon a promissory note, and the complaint averred that the defendant "has refused, and still refuses, to pay" the principal or interest of the note, or any part thereof, and "that

there is now due" the sum, etc. The complaint was demurred to on the ground that there was no allegation of non-payment, and the demurrer was overruled. It was held in this court that the demurrer should have been sustained, the court saying: "The averments of the complaint are not equivalent to an averment of non-payment. 'The failure to pay constitutes the breach, and must be alleged.'"

It has been held in numerous cases that a party suing upon a contract to pay money must show a breach of the contract,— that is, must allege the non-payment of the money which he seeks to recover,— or his complaint states no cause of action, and may be assailed by a general demurrer. In *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 506,— the last case in which this rule is declared,— it is said: "The complaint was fatally defective in this respect. It contained no allegation of non-payment; nor is there any allegation from which such non-payment can be implied."

But there is a plain distinction between an entire failure to state essential facts and a statement of such facts imperfectly or defectively. In the one case the defect can be reached by a general demurrer, while in the other it can only be reached by a special demurrer. The rule upon this subject is thus stated in *Harnish* v. *Bramer*, 71 Cal. 158: "If a complaint fails to state any fact or facts essential to a recovery, the defect may be reached by a general demurrer. If, however, it states all the essential facts, but states them improperly or defectively, the defect can only be reached by a special demurrer, particularly designating the specific point at which it is aimed." (And see *Tehama County* v. *Bryan*, 68 Cal. 59.)

In *Scroufe* v. *Clay*, *supra*, there was not an entire failure to state in the complaint the fact of non-payment, but the averment was simply uncertain and defective. And the same is true of this case. But in the former case the demurrer was special, while here it was general.

In our opinion, the complaint in this case stated a cause of action, and was sufficient when tested only by a general demurrer.

Beside, the court found that no part of the money for which judgment was entered had been paid, and the code provides that "the court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." (Code Civ. Proc., sec. 475.)

2. It is next claimed that the findings do not meet all the issues raised by the answer, and for that reason that the judgment should be reversed.   But in answer to this objection, we think it enough to say that while the findings may be open to some criticism, still they were, in our opinion, intended to and in effect do cover all the issues tendered, and should be held sufficient.

No other points are discussed by counsel, and we therefore advise that the judgment be affirmed.

VANCLIEF, C., and GIBSON, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.