[No. 15434.   Department Two.—June 12, 1894.]

GEORGE D. BLISS, RESPONDENT, *v.* R. G. SNEATH, APPELLANT.

LANDLORD AND TENANT—ACTION FOR RENT—PLEADING—DEMAND AND NONPAYMENT—DEMURRER—WAIVER OF OBJECTION.—An objection to a complaint for rent alleged to be due upon an indenture of lease, upon the ground that the complaint does not sufficiently aver demand and non-payment, is waived by failure to demur especially thereto, and cannot be urged upon general demurrer.

ID.—ACTION BY AGENT IN HIS OWN NAME—DEFENSES.—Where an agent sues in his own name, the defendant may avail himself of all defenses which would be good as against either the principal or agent.

ID.—DEFENSE OF SETOFF—LIABILITY OF COTERMINOUS OWNER FOR DIVISION FENCE—IMPLIED CONTRACT.—The liability of one coterminous owner to the other, under section 841 of the Civil Code, for one-half the value of a division fence built by the latter, which the former uses as a part of his inclosure, is not a statutory liability, but is rather a liability upon an implied contract, and may properly be set up as a defense by way of setoff to an action on behalf of the former, for rent due from the latter.

APPEAL from a judgment of the Superior Court of San Mateo County.

The facts are stated in the opinion.

*Garrett W. McEnerney,* and *Stanly, Hayes & Bradley,* for Appellant.

*Byron Waters,* for Respondent.

TEMPLE, C.—This is an appeal from a judgment for plaintiff upon the pleadings.

The action is for rent alleged to be due upon an in-

denture of lease. It is contended that the complaint does not sufficiently aver demand and nonpayment. The allegation is: "That the plaintiff has demanded the payment of said sum, but to pay the same, or any part thereof, the defendant refused, and still refuses." A general demurrer was interposed, which apparently was never passed upon, but was waived by answering. The objection not having been taken by special demurrer, the pleading must now be held sufficient. (*Grant* v. *Scheerin,* 84 Cal. 197.)

The defendant answered, admitting the demand of plaintiff, but setting up, as a partial defense, a claim against plaintiff's wife.

The answer avers that in all the transactions set forth in the complaint, plaintiff acted solely and wholly as the agent of Martha S. Bliss, his wife; that the present action is prosecuted by him as agent of said Martha S. Bliss, and for her sole and exclusive use, benefit, and behalf. The answer then proceeds to aver a demand against said Martha S. Bliss, which existed at the time the action was commenced, and asks that such demand be set off against, and deducted from, the claim of plaintiff, and admits plaintiff's right to take judgment for the excess of plaintiff's demand over and above his claim against Martha S. Bliss. On motion, plaintiff obtained judgment for the full amount of his demand without trial.

The sufficiency of the allegations in the answer must be tested by the same rule applied to the complaint. If the allegations in the answer would be sufficient in a complaint to sustain a judgment, they are sufficient here. Judged by this rule, the allegation is sufficient to show that plaintiff is suing merely as the agent of his wife. The defense is not really a counterclaim. That is a demand which may be the basis of a judgment against the plaintiff.

Here the matter pleaded is purely defensive to the demand sued on.

"Where the agent sues in his own name," says Mr.

Evans (Evans on Agency, 387), "the defendant may avail himself of all defenses which would be good at law and in equity."

"*a.* As against the agent who is the plaintiff on the record; or *b.* As against the principal for whose use the action is brought." (Mecham on Agency, sec. 762.)

It is said, however, that, even admitting this principle, it cannot apply here, because the defense set up is a debt created or arising from a statutory liability, and is not, therefore, a cause of action arising upon a contract.

The defense consists of a claim against plaintiff's principal for one-half the value of a division fence between the lands of defendant and those of Mrs. Bliss. They are coterminous owners, and defendant built a fence on the line between their lands. Mrs. Bliss afterwards inclosed her land, using this fence as a part of her inclosure. Whereupon, under the provisions of section 841 of the Civil Code, she became indebted to him for one-half the value thereof.

The section referred to is one of many code provisions relating to the rights and duties of property holders, and the liability arising from the conditions mentioned cannot justly be said to be a statutory liability. The liability arises from the fact that plaintiff's principal made use of a fence built by the defendant under circumstances which create the liability. She has been benefited, and the law says she must pay for it. Here are all the elements of an implied contract. The obligation to pay legal interest could be claimed, with much greater plausibility, to be a statutory liability, and therefore not a contract liability. The fact that the Civil Code has changed some common-law rules, by which the rights and obligations of persons were ascertained, does not make the new or changed obligations any less obligations arising from implied contracts than were the different obligations fixed by the common law.

"There are also cases in which the law will imply a contract to pay money from the fact of there being

already a legal obligation to pay it, although the transaction, in its origin, was entirely unconnected with contract, and there has been no promise in fact." (1 Chitty on Contracts, 86.)

On all such obligations an action in form *ex contractu* would lie, and I have no doubt the demand would be a proper defense, by way of setoff, had the action been brought in the name of Mrs. Bliss. It is equally so here.

I think the judgment should be reversed, and a new trial had.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and a new trial ordered.

McFARLAND, J., FITZGERALD, J.

DE HAVEN, J., concurring.—I concur in the judgment. Assuming the matters alleged in the answer to be true, it was error to give a judgment in favor of plaintiff for the full amount demanded in the complaint.