[No. 49.   Second Appellate District.—August 26, 1905.]

WATER SUPPLY COMPANY, Respondent, v. L. G. SAR-
    NOW, Respondent, and JOSIE E. SULLIVAN, Ap-
    pellant.

Interpleader—Judgment Creditor—Garnishment under Execution
    —Waiver of Supplementary Proceedings.—Although ordinarily a
    creditor making a garnishment under execution must first obtain
    an order under proceedings supplementary to execution before suing
    the garnishee, yet where the corporation garnishee has filed a bill
    of interpleader between its judgment creditor and the garnishing
    creditor, whose judgment is against such judgment creditor, and
    they have interpleaded, such interpleader is a waiver of the necessity
    of supplementary proceedings by the garnishing creditor.

Id.—Cross-Complaint of Garnishing Creditor.—A cross-complaint
    of the garnishing creditor in such action is not demurrable on
    the ground that no order of court was obtained under supplementary
    proceedings allowing such creditor to sue on the garnishment.

Id.—Sufficiency of Pleadings—General Demurrers—Waiver of
    Grounds of Special Demurrer.—Where only general demurrers
    were interposed to the bill of interpleader and to the cross-
    complaint, and each was sufficient as against such demurrer, any
    grounds of special demurrer arising from improper statement are
    waived.

Id.—Ex Parte Order for Execution after Five Years—Life of
    Judgment—Garnishment.—The court had power to make an ex
    parte order for the issuance of the execution under which the
    garnishment was made after the lapse of five years from the entry
    of the judgment and before the expiration of five years and six

months, which would bar an action upon the judgment. An order for the execution is an order for its enforcement, and warrants the garnishment and its enforcement in the interpleader suit.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

T. F. Allen, for Appellant.

Fred E. Borton, for Water Supply Company, Respondent.

George E. Whitaker, Albert M. Johnson, and Hiram W. Johnson, for L. G. Sarnow, Respondent.

ALLEN, J.—The complaint avers that in January, 1902, defendant Sarnow obtained a judgment against plaintiff for $844; that in May and October following Josie Sullivan caused to be served upon the secretary of plaintiff an execution issued out of a judgment theretofore rendered in her favor and against Sarnow, whereby she sought to levy upon and hold all property or credits in plaintiff's hands due Sarnow; that plaintiff is ignorant of the rights of the parties to the proceeds of said judgment, and would be put to hazard if compelled to judge between the respective claims, and avers that it is willing to pay the full amount of said judgment to whomsoever the court may direct, pending the hearing, with the usual prayer, requiring the interpleader to be discharged, etc.

To this complaint the general demurrer of each of the defendants was overruled; and the defendant Sullivan thereupon filed, as was required, a pleading which she denominated a cross-complaint, in which it is averred that judgment in her favor against Sarnow was rendered in February, 1897, the amount of which, including interest, was at the date of filing said claim, $742.03; that on May 11, 1902, Sullivan filed in the court in which the judgment was rendered her affidavit, setting out the rendition and non-payment of the judgment; that more than five years had elapsed since the entry, and that Sarnow now has property out of which it could be made. The court, upon presentation of such affi-

davit, made its order that an execution issue, and the same was issued; that on May 20, 1902, the sheriff duly levied on all moneys, debts, and credits of Sarnow in the hands of plaintiff, and that in order to make such levy the sheriff served upon the plaintiff's secretary, and left with him, notice that the same were attached by virtue of said writ; that subsequently the sheriff returned said execution unsatisfied; that when the execution was levied there was $950.35 in the plaintiff's hands belonging to Sarnow; that afterwards, in October, 1902, another execution was issued out of said judgment so rendered, in favor of Sullivan and against Sarnow, which was duly levied. And the same allegations are set out as were made in reference to the first levy.

To this cross-complaint Sarnow demurred generally, and the same was sustained by the court; and Sullivan not desiring to amend, the court found that Sullivan acquired no rights to the money in the hands of plaintiff by virtue of such levies, that Sarnow was entitled to the money, and by its judgment ordered that plaintiff pay to the clerk the amount of said judgment in favor of Sarnow; that upon such payment the judgment should be satisfied by the clerk, and the money paid to Sarnow. From this judgment against her, and in favor of Sarnow, the defendant Sullivan appeals.

The act of 1895 authorizing the order for execution without notice after the lapse of five years from the rendition of judgment, and before the same is barred by statute, as to all judgments rendered after the passage of such act, is, by our supreme court, in *Harrier* v. *Bassford,* 145 Cal. 530, [78 Pac. 1038], held to be constitutional. Inasmuch as the only way by which a money judgment may be enforced is by execution, such an order for an execution amounts to an order for its enforcement, and is authorized by section 685 of the Code of Civil Procedure. It is averred in the plaintiff's complaint that a copy of such execution was served, which being admitted, a right and claim as to the money was initiated which would entitle the plaintiff to maintain an action under section 386 of the Code of Civil Procedure.

The cross-complaint alleges that the execution was levied, and, no special demurrer being filed, the same was sufficient.

I Cal. App.—31

The essential facts may be improperly or defectively stated, but such defects can only be reached by a special demurrer. (*Grant* v. *Sheerin,* 84 Cal. 200, [23 Pac. 1094].)   The same observations are appropriate as to the general demurrer to the original complaint.   The only theory, therefore, upon which the court could have proceeded in its judgment in favor of Sarnow and against Sullivan was that the sections of the act providing for proceedings supplementary to the execution were applicable to this case; and their non-observance destroyed any rights which Sullivan may have acquired to the money or credits in plaintiff's hands.   It is true that before any action can be maintained by a judgment creditor on account of a levy made under subdivision 5 of section 542 of the Code of Civil Procedure he shall first proceed, as provided by sections 717-721 of the Code of Civil Procedure, and procure an order authorizing such suit.   This, however, is because of the want of privity between the judgment creditor and his debtor's debtor, and the policy of the law is, that the party garnisheed shall have due notice and examination in relation to the subject of the claim against him, and be afforded an opportunity to pay without suit. But in this case the plaintiff voluntarily comes into court as the actor and sues Sullivan and Sarnow.   The plaintiff thereby waives all proceedings under said sections and invokes the jurisdiction of the court, and when Sarnow appears in such proceedings he consents to the jurisdiction of the court to hear and determine their conflicting claims to the property; and it would be an idle performance to stay all proceedings in the interpleader suit until Sullivan had taken those steps contemplated by section 717 et seq. of the Code of Civil Procedure, in order that he might establish his right to claim the money.   For it certainly could not be contended that a party garnisheed may absolutely destroy the rights acquired under the original levy by instituting a suit under section 383.   The levy of the execution gave to Sullivan rights which she might enforce under proceedings supplementary to the execution, and the effect of which would be to defer any claim of Sarnow to such money until these rights had been determined.   All parties then appearing, the determination of their respective rights could be had in this proceeding as

effectually as in an original proceeding brought by Sullivan against plaintiff.

The cross-complaint, therefore, as against the general demurrer, was sufficient, and the court erred in sustaining the demurrer thereto.

Judgment is reversed, with directions to overrule the demurrer to the cross-complaint.

Gray, P. J., and Smith, J., concurred.