[Civ. No. 470. First Appellate District.—April 23, 1908.]

E. V. BURKE, Respondent, v. F. M. DITTUS et al., Appellants.

MECHANICS' LIENS—FORECLOSURE—PLEADING — NONPAYMENT — AVERMENT OF "AMOUNT DUE"—DEMURRER—WAIVER OF OBJECTION.— In an action to foreclose a mechanic's lien, the gist of the action is the breach of the contract, and a substantial averment of nonpayment is essential to the cause of action; yet, when there is an attempted allegation thereof in the defective form that "the whole amount due" is the sum claimed, and the demurrer is general to the cause of action and special to other averments, but is not addressed to the defective averment of nonpayment, objection to the form thereof is waived.

ID.—CONDITION OF ARBITRATION—PLEADING—WAIVER—COMPLETION AND
ACCEPTANCE OF BUILDING.—Although the general rule is that, where
the contract sued upon provided that if any dispute arises between
the parties thereto regarding the completion, construction or ac-
ceptance of the buildings or the value of extra work, such matters
shall be submitted to arbitration, the complaint must show a com-
pliance with such provision, to state a cause of action, yet, where
the complaint avers that the contract was completed, whereupon
the buildings were accepted by the defendant, and states no dis-
pute, it shows a waiver of the right of the defendant to have any
dispute settled by arbitration by accepting the buildings.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order denying a new trial. M.
H. Hyland, Judge.

The facts are stated in the opinion of the court.

Wm. H. Johnson, for Appellants.

Will M. Beggs, for Respondent.

KERRIGAN, J.—This is an action to foreclose a mechanic's
lien. A special demurrer to the complaint was overruled,
after which the defendant answered. Thereafter a jury trial
was demanded, and the court, at the request of the defend-
ant, submitted to the jury one issue—"Was the building con-
tract as modified, between plaintiff's assignors and the de-
fendant F. M. Dittus, substantially performed on the part of
plaintiff's assignors prior to the 31st day of August, 1905?"
The jury brought in a verdict in favor of plaintiff, and the
court thereafter adopted this verdict, and, upon the hearing
of further testimony, rendered its judgment in favor of the
plaintiff and against the defendant, F. M. Dittus. From this
judgment and from an order denying the motion for a new
trial this appeal is prosecuted.

The appellant contends that the complaint is fatally de-
fective for a number of reasons, the first of which is that the
complaint, being for money due upon contract, does not aver
nonpayment, the allegation in that behalf being that "the
whole amount due . . . is the sum of twenty-four hundred
and forty dollars." Appellant's position is that this allega-

tion is not equivalent to an averment of nonpayment; that it is a mere conclusion of law and not an averment of fact.

In an action of this character the gist of the action is the breach of the contract, and unless there is an allegation of nonpayment, the complaint is demurrable.

The demurrer in this case, however, is special, and does not embody as one of its grounds this particular defect. If there had been no attempt to aver nonpayment, either by an allegation amounting only to a conclusion of law or otherwise, the complaint would not have stated a cause of action; and this could be urged at any time, even without demurrer (*Rickards* v. *Travelers' Ins. Co.*, 80 Cal. 505, [22 Pac. 939]; *Hurley* v. *Ryan,* 119 Cal. 91, [51 Pac. 20]; *Dodge* v. *Kimple,* 121 Cal. 581, [54 Pac. 94]; Code Civ. Proc., sec. 434.) But where, as here, there is not an entire failure to state nonpayment, the averment is simply defective, and can be reached only by special demurrer directed to that point. (*Grant* v. *Sheerin,* 84 Cal. 199, [23 Pac. 1094]; *Bliss* v. *Sneath,* 103 Cal. 44, [36 Pac. 1029].)

To support his contention appellant cites *Ryan* v. *Holliday,* 110 Cal. 337, [42 Pac. 891], and *Knox* v. *Buckman Contracting Co.,* 139 Cal. 598, [73 Pac. 428]. In the former of these cases the allegation was that a specified sum "is now due," etc., and the court held that this allegation was a mere conclusion of law and not a statement of fact, and held that it was insufficient to support even a default judgment. But this case was overruled in *Penrose* v. *Winter,* 135 Cal. 290, [67 Pac. 772], where it was held that an averment that a specific sum "is now due and owing," etc., though a statement of a legal conclusion was sufficient to support a judgment by default. In *Knox* v. *Buckman Contracting Co.,* 139 Cal. 598, [73 Pac. 428], the action was upon several promissory notes. The only allegation of a failure to pay one of these notes was "That the whole of said note is owing from said defendants to said plaintiff." The demurrer interposed was general. The court held that the complaint did not state facts sufficient to constitute a cause of action, and stated that the case of *Ryan* v. *Holliday,* 110 Cal. 337, [42 Pac. 891], was overruled by *Penrose* v. *Winter,* 135 Cal. 290, [67 Pac. 772], "only so far as it applied . . . to a default judgment," which, the court says, "is different from a case where a plaintiff had been put

on his guard by a demurrer to his complaint." The statement of the breach of the contract in that case was a conclusion of law; yet, as from it the material allegation of nonpayment was inferable, and as the defect was not raised by special demurrer, the case would seem to be in conflict with the cases of *Bliss* v. *Sneath,* 103 Cal. 44, [36 Pac. 1029], and *Grant* v. *Sheerin,* 84 Cal. 199, [23 Pac. 1094]. Here, however, the pleader was not, as in the case of *Knox* v. *Buckman Contracting Co., supra,* put upon his guard by the demurrer, but, on the contrary, the demurrer being special, and directing the attention of the pleader to other matters exclusively led him to believe that in all other matters the complaint was good. Moreover, the circumstances of this case bring it within the rule laid down in *Bliss* v. *Sneath,* 103 Cal. 44, [36 Pac. 1029], and *Grant* v. *Sheerin,* 84 Cal. 199, [23 Pac. 1094].

The contract sued on provides that, if any dispute shall arise between the parties thereto regarding the completion, construction or acceptance of the building, or the value of any extra work, such matters should be submitted to arbitration; and appellant contends that there is no allegation in the complaint showing a compliance with this provision of the contract, and that, without such an allegation, the complaint fails to state a cause of action. There is no doubt, in respect to such agreements, that the rule is "that if the agreement is in such terms that a reference is a condition precedent to the right of a party to maintain an action, he is not entitled to maintain it until the condition is complied with." (3 Cyc., p. 595; also *Holmes* v. *Ricket,* 56 Cal. 311, [38 Am. Rep. 54].) In this connection, however, the complaint here avers in substance that immediately after entering into the contract plaintiff's assignor went to work upon the same, and furnished all the materials necessary to fully complete and carry out said contract, and that the contract was completed, whereupon the buildings were accepted by the defendant. The complaint does not disclose that any dispute ever arose between the contractors and owner about any matter which was required by the terms of the contract to be submitted to arbitration. Furthermore, if there was such a dispute, appellant waived his right to have it settled by arbitration by accepting the buildings.

There are other objections to the complaint pointed out in the brief of appellant; but they are all without merit, and discussion of them in detail is unnecessary.

The same may be said of the contention that several of the findings are not sustained by the evidence. We have carefully examined the record, and conclude that there is sufficient evidence to support the findings attacked.

From what has been said it follows that the judgment and order should be affirmed, and it is so ordered.

Cooper, P. J., and Hall, J., concurred.