[Civ. No. 2534.   Second Appellate District, Division One.—February 5, 1919.]

## B. K. SINGH et al., Respondents, v. C. H. & O. B. FULLER CO. (a Corporation), Appellant.

PLEADING—NONPAYMENT—REFUSAL TO PAY—ABSENCE OF SPECIAL DEMURRER.—On appeal an allegation that the defendant "refused and still refuses to pay" plaintiff is a sufficient allegation of nonpayment in the absence of a special demurrer.

ID.—DEFECTIVE COMPLAINT—GENERAL AND SPECIAL DEMURRER.—A failure to state any fact or facts in a complaint essential to a recovery may be reached by a general demurrer, but if the facts be stated, but stated imperfectly, the demurrer to be effectual must be special and directed against the very defect apparent.

FINDING — CURRENT MARKET PRICE — CONSTRUCTION.—Where one count of a complaint in an action on a crop-sharing lease sought to recover for defendant's failure to purchase pasture after electing to exercise an option to purchase the same "at the market price in the Imperial Valley," the finding by the court of a "current market price" had reference to such market price in Imperial Valley, although the court did not use the words "Imperial Valley."

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. W. Freeman for Appellant.

James W. Griffin and J. S. Larew for Respondents.

SHAW, J.—This is an appeal by defendant upon the judgment-roll from a judgment in favor of plaintiffs.

By a written lease to terminate January 1, 1917, made a part of the complaint, defendant demised to plaintiffs 320 acres of land in Imperial County for the purpose of growing a crop of corn thereon, the lessor, as rent, reserving one-fourth of the corn, to be piled on the land at a place designated by it, and one-fourth of the cornstalk pasture. The lease contained a provision as follows: "It is further agreed and understood by the parties hereto, that the party of the first part [defendant] shall have the right to purchase the second

parties' [plaintiffs] three-fourths of the stock pasture at the market price for cornstalk pasture in Imperial Valley at the time the cornstalks are ready for pasture."

The complaint, in substance, alleged that when said 320 acres of cornstalks was ready for pasture, defendant, in response to plaintiffs' inquiry, informed them that it elected to exercise its option to purchase said three-fourths interest in said pasture at *the current market price;* that at a time more than one month prior to 'the expiration of said lease plaintiffs had an opportunity of selling the pasture for $4.50 per acre, which, except for defendant's exercise of said option under the terms of said lease to purchase the same, they would have sold and received therefor the sum of $1,012.50. For a second cause of action the complaint alleged that defendant failed to furnish the necessary sacks for the part of said crop belonging to defendant, by reason of which fact plaintiffs furnished the same for defendant, to wit: 475 sacks required in the sacking and care of defendant's share of said crop; that the reasonable value of said sacks was $59.37. In its answer defendant denied that it informed plaintiffs that it elected to exercise said option; but alleges that defendant advised plaintiffs that they could sell said pasture to other parties, provided that possession of said premises must be surrendered January 1, 1917; and denied that plaintiffs could have sold said pasture for any sum whatsoever, and denied that it elected to exercise its option to purchase the pasture at the current price or at any other price. And defendant, while admitting it did not furnish sacks for its share of said crop of corn, denied that it requested plaintiffs to furnish the same, and denied that plaintiffs furnished 475 or any sacks for its portion of said corn, at defendant's instance and request.

Upon the issues so presented, the case was tried and the court found that defendant did, some six weeks before the termination of said lease, exercise its option reserved therein to buy plaintiffs' interest in said cornstalk pasture, "pursuant to defendant's option, provided for in said lease"; notwithstanding which fact defendant neglected and refused to pasture the same until the expiration of such lease, and since the expiration thereof has received the benefit of said pasture and the whole thereof, but paid plaintiffs nothing therefor; that the *reasonable* value of plaintiff's three-fourths interest

in said pasture was the sum of $1,012.50. As to the sacks, the court found that defendant failed to furnish sacks necessary for its one-fourth of the crop of corn and plaintiffs furnished the same to defendant, the reasonable value of which was $59.37.

No demurrer was interposed to the complaint and appellant, upon the judgment-roll alone, now for the first time insists that the first count of the complaint fails to state a cause of action. This is based, first, upon the failure of the complaint to allege nonpayment; and, second, upon the fact that the option given defendant was to purchase the pasture ''at the market price for cornstalk pasture in Imperial Valley at the time the cornstalks are ready for pasture.''

As to the first contention, the complaint alleged that ''defendant . . . refused and still refuses to pay the plaintiffs the market value of plaintiffs' interest in said pasture, to wit, the said sum of $1,012.50, or any part thereof.'' In the absence of a special demurrer directing attention to such imperfect or defective pleading, the statement in the complaint that defendant ''refused and still refuses to pay plaintiffs'' is a sufficient allegation of nonpayment. (*Grant* v. *Sheerin*, 84 Cal. 197, [23 Pac. 1094].) ''If a complaint fails to state any fact or facts essential to a recovery, the defect may be reached by a general demurrer. If, however, it states all the essential facts, but states them improperly or defectively, the defect can only be reached by a special demurrer, particularly designating the specific point at which it is aimed.'' (*Harnish* v. *Bramer*, 71 Cal. 158, [11 Pac. 888].) To the same effect is *Tehama County* v. *Bryan*, 68 Cal. 57, [8 Pac. 673], where it is said: ''Where a complaint states all the facts essential to a recovery, but states them imperfectly, a demurrer, to be effectual, must be special, and directed against the very defect apparent.''

The second point is likewise, and for the same reasons, without merit. Conceding the facts to be imperfectly pleaded, it nevertheless appears from the copy of the lease made a part of the complaint that defendant had reserved an option to purchase the pasture when ready for pasturage, at the market price thereof in Imperial Valley, and if the allegations of the complaint are inconsistent with such fact, the defect should have been reached by a special demurrer for ambiguity or uncertainty. In the absence of such demurrer,

the complaint upon an attack made for the first time on appeal will be construed as sufficient in alleging that defendant had an option to purchase "the stock pasture at the market price for cornstalk pasture in Imperial Valley at the time the cornstalks are ready for pasture," which option, it is alleged, defendant, at the time the pasture was ready, duly exercised. By reason of such act, defendant became obligated to pay plaintiffs the market price for such pasture in Imperial Valley, notwithstanding which fact and repeated demand therefor made, as alleged in the complaint "defendant neglected and refused to pasture the same until after the expiration of said lease and refused and still refuses to pay to plaintiffs the market value of plaintiffs' interest in said pasture, to wit, the sum of $1,012.50, or any part thereof"; but at the expiration of the lease, it is alleged, it appropriated the use and benefit thereof to itself. All of these facts the court, in substance, found to be true.

As to the sacks, for which recovery was had, it may be conceded the facts pleaded in the second count of the complaint are likewise imperfectly pleaded, since it is not alleged that they were furnished at the special instance and request of defendant. But it is alleged that they were furnished, which implies that defendant accepted the same and appropriated them to its own use and refused to pay therefor. Indeed, defendant, by its answer, admits such allegation, justifying its refusal to pay upon the ground that nothing contained in the lease required plaintiffs to furnish said sacks to it. While the count as a pleading is imperfect and subject to special demurrer, it is not, in the absence of demurrer and after judgment, subject to the objection urged.

It is manifest from the foregoing that appellant's attack upon the findings, which are to be construed most strongly in support of the judgment, is without merit. The court found that plaintiffs, prior to the expiration of the lease, had opportunity to sell the same at the "current market price, to wit, the sum of $4.50 per acre." The words "current market price," used by the court, referred to and had reference to such market price in Imperial Valley, and the fact that the court did not use the words "Imperial Valley" is immaterial.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 3, 1919.

Angellotti, C. J., Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.