[L. A. No. 80.   Department One.—December 10, 1895.]

GEORGE W. RYAN, RESPONDENT, v. CLARA HOLLIDAY ET AL., DEFENDANTS.   HEBER INGLE, ADMINISTRATOR, ETC., APPELLANT.

FORECLOSURE OF MORTGAGE—PLEADING—AVERMENT OF NONPAYMENT ESSENTIAL—APPEAL FROM DEFAULT JUDGMENT.—In an action to foreclose a mortgage securing a note, the breach of the contract to pay the note is of the essence of the cause of action, and must be alleged; and a failure to aver nonpayment of the note is fatal to the complaint upon appeal, although no demurrer was interposed, and the judgment went by default.

ID.—AVERMENT OF AMOUNT DUE—CONCLUSION OF LAW.—An averment that "there is now due and owing to the plaintiff" a specified sum is but the averment of a conclusion of law, and not of a fact, and is not the equivalent of an averment of nonpayment.

ID.—ESTATES OF DECEASED PERSONS—PURCHASE OF MORTGAGED LAND BY DECEDENT—PLEADING—PRESENTATION OF CLAIM — WAIVER.—A complaint in an action to foreclose a mortgage which was not executed by the deceased person, in which the administrator of the deceased person is made a party defendant solely by reason of the fact that subsequently to the making of the mortgage the mortgaged land was purchased by the decedent in his lifetime, and the title thereto vested in his estate at his death, subject to the mortgage lien, need not aver either a presentation of a claim against the estate of the decedent, or an express waiver of any recourse against his general estate.

ID.—CLAIMS AGAINST ESTATE—CONSTRUCTION OF CODE.—Section 1500 of the Code of Civil Procedure only applies to cases where the note and mortgage constitute a claim against the estate of a deceased person, and has no application to a case where he purchased the land subject to a mortgage, in which case there is no claim to be presented against his estate.

ID.—SUFFICIENCY OF SUMMONS — REPRESENTATIVE CAPACITY OF ADMINISTRATOR—REFERENCE TO COMPLAINT.—In an action to foreclose a mortgage, in which one of the defendants is described by name in the summons with the appended words "administrator with the will annexed," etc., of a deceased person named, and the summons refers to the complaint for further particulars, in which it is alleged that such

defendant, "as administrator, etc., has or claims to have an interest in the mortgaged premises, subject and subsequent to the lien of the mortgage," the summons is not defective upon the ground that it does not show that such administrator was sued in his representative capacity.

APPEAL from a judgment of the Superior Court of Riverside County. J. S. NOYES, Judge.

The facts are stated in the opinion of the court, with the exception of the alleged defect in the summons, in respect of which the facts appear in the last syllabus.

*L. Gill,* and *Trippet & Neale,* for Appellant.

The summons is defective in that it does not show that Ingle is sued in a representative capacity, as administrator, the words following his name being merely *descriptio personæ.* (1 Am. & Eng. Ency. of Law, 388; 17 Am. & Eng. Ency. of Law, 495, and cases cited; *Stockton etc. Assn.. v. Chalmers,* 75 Cal. 332; Am. St. Rep. 173; *Burling* v. *Thompkins,* 77 Cal. 257.) The complaint is fatally defective, as it does allege that the debt has not been paid. (*Ward* v. *Clay,* 82 Cal. 502, 511; *Davanay* v. *Eggenhoff,* 43 Cal. 395; *Scroufe* v. *Clay,* 71 Cal. 123; *Barney* v. *Vigoreaux,* 92 Cal. 631; *Roberts* v. *Treadwell,* 50 Cal. 520; *Frisch* v. *Caler,* 21 Cal. 71.) It should have alleged, also, either a presentation of a claim against the estate of appellant's intestate or an express waiver of any recourse against it. (Code Civ. Proc., sec. 1500; *Ellis* v. *Polhemus,* 27 Cal. 350; *Verdier* v. *Roach,* 96 Cal. 467.)

*Purington & Adair,* for Respondent.

The summons is sufficient as it referred to the complaint which showed in what capacity Ingle was sued. (Code Civ. Proc., sec. 1963, subd. 25; *Bewick* v. *Muir,* 83 Cal. 370; *Finch* v. *Riverside etc. Ry. Co.,* 87 Cal. 602; *Burling* v. *Thompkins,* 77 Cal. 257; *King* v. *Blood,* 41 Cal. 314; *Calderwood* v. *Brooks,* 28 Cal. 151; *Herman* v. *Santee,* 103 Cal. 519; 42 Am. St. Rep. 145.) It was not necessary that all claims against the estate be waived, as Ingle, as administrator of the estate, was made a party

only because he as such administrator claims some interest in the mortgaged premises. (*Sichler* v. *Look*, 93 Cal. 608; *Thomson* v. *Bettens*, 94 Cal. 84; *Wenzel* v. *Schultz*, 100 Cal. 250.) The allegation, "that there is now due and owing from defendant to plaintiff on the promissory note sued on a balance of seven hundred and ninety dollars and seventy-five cents," is equivalent to an allegation of nonpayment. (*Pechaud* v. *Rinquet*, 21 Cal. 76; *Notman* v. *Green*, 90 Cal. 173, 174; *Bank of Sonoma County* v. *Charles*, 86 Cal. 322.)

Van Fleet, J.—The judgment in this case must be reversed for want of any averment that the note secured by the mortgage sought to be foreclosed has not been paid. The only allegation in this regard is:

"That the interest on said note and mortgage has been paid in full up to the eleventh day of September, 1894, and there is now due and owing to the plaintiff the sum of twelve hundred dollars ($1,200), with interest thereon at the rate of twelve per cent per annum from the eleventh day of September, 1894."

This is not the equivalent of an averment of nonpayment. The language, "There is now due," etc., is but a conclusion of law and not the averment of a fact. The breach of the contract to pay is of the essence of the cause of action and must be alleged. (*Frisch* v. *Caler*, 21 Cal. 71; *Scroufe* v. *Clay*, 71 Cal. 123; *Roberts* v. *Treadwell*, 50 Cal. 521; *Barney* v. *Vigoreaux*, 92 Cal. 631.) The fact that no demurrer was interposed and that judgment went by default makes no essential difference, since the defect goes to the statement of a cause of action (*Barney* v. *Vigoreaux, supra*); and that defect is not waived by a failure to demur. (Code Civ. Proc., sec. 434.)

While we are reluctant, as suggested in *Notman* v. *Green*, 90 Cal. 173, to reverse a judgment upon such a technicality, and especially in favor of a defendant who has apparently stood by and permitted the court below to overlook an error, susceptible of easy correction,

and then takes advantage of such error on appeal; and while we would avoid the necessity, if possible, on the other hand, that consideration is largely neutralized by the further one, that a party guilty of such an inexcusable breach of good pleading as is here exhibited is not entitled to have it lightly condoned, but should suffer the consequences.

The objection that the complaint should have averred either a presentation of a claim against the estate of appellant's intestate, or an express waiver of any recourse against the general estate, is not well taken. Section 1500 of the Code of Civil Procedure has no application to the facts of this case. The note and mortgage sued on were not in any sense a claim against the estate of said intestate. The latter was not the maker of the note or mortgage, nor did a demand of any character exist thereunder against the estate. The representative was made a party defendant solely by reason of the fact that subsequently to the making of the mortgage in suit the mortgaged land was purchased by said intestate in his lifetime, and the title thereto rested in his estate at his death, subject to the mortgage lien. It was necessary to make his representative a party only for the purpose of foreclosing the rights of the estate in the land and for that purpose alone. The estate of said intestate was in no way holden for any deficiency that might arise out of a sale of the property, nor was any such relief asked or taken. There was, therefore, no claim to be presented against said estate. The section referred to applies only to instances where the note and mortgage constitute a claim against the estate of the deceased.

There is nothing in the alleged defect in the summons. (*Bewick* v. *Muir*, 83 Cal. 370.)

The judgment is reversed and the cause remanded with directions to the court below to permit plaintiff to amend his complaint.

HARRISON, J., and GAROUTTE, J., concurred.