[L. A. No. 173.    Department Two.—January 26, 1897.]

## CHARLES E. RICHARDS, RESPONDENT, *v.* LAKE VIEW LAND COMPANY, APPELLANT.

PLEADING—NONPAYMENT.—In an action to recover money upon a contract, the failure to pay constitutes the breach, and must be alleged; and an allegation that a specified amount is "now due and owing" to the plaintiff is a mere conclusion of law, and is insufficient as an averment of the fact of nonpayment.

APPEAL from a judgment of the Superior Court of Riverside County.    J. S. NOYES, Judge.

The facts are stated in the opinion of the court.

*Knight & Harpham,* for Appellant.

*O. P. Widaman,* and *E. B. Stanton,* for Respondent.

McFARLAND, J.—Defendant appeals upon the judgment-roll from a judgment for plaintiff, the point made by appellant being that the demurrer to the first, fifth, and seventh counts of the complaint should have been sustained.

The complaint contains several different counts.    In each count there is an averment of an indebtedness of the appellant to a certain person upon a contract, and an assignment by such person of the alleged cause of action to respondent.    In each of the counts, except the first, fifth, and seventh, there is an averment that the amount claimed "has not been paid, or any part thereof";

but in the first count the only averment on the subject of nonpayment is that "there is now due and owing from said defendant to the said plaintiff" a certain stated amount; in the fifth count the only averment is that "there is now due," etc., and in the seventh count the averment also is that "there is now due," etc. It has been settled in this state by a long line of decisions, from *Frisch* v. *Caler*, 21 Cal. 71, to the very recent case of *Ryan* v. *Holliday*, 110 Cal. 335, that in an action to recover money upon a contract "the failure to pay constitutes the breach, and must be alleged," and that such language as that used in said counts is not the equivalent of an averment of nonpayment, but is a mere conclusion of law and not an averment of fact. (See *Ryan* v. *Holliday, supra,* and cases there cited.) It is useless, at this late day, to discuss the merits of the rule. It is a rule easily complied with, and, being firmly established, cannot now be disregarded in order to meet the exigencies of particular cases.

Respondent contends that this defect in the fifth count is cured by the answer. Upon looking at the answer it does not seem to us to bring the case within the rule contended for by respondent; but it hardly seems necessary to now determine that question definitely, for, as the other two counts will have to be amended so as to directly aver nonpayment, a similar amendment can readily be made to the fifth count, which will avoid this question.

The judgment is reversed, with directions to the court below to sustain the demurrer to the first, fifth, and seventh counts of the complaint.

HENSHAW, J., and TEMPLE, J., concurred.