[S. F. No. 1349.   Department One.—December 20, 1898.]

SOPHIA McFARLAND, Appellant, v. LULIE CARR HOL-
COMB, Executrix, etc., et al., Respondents.

Assumpsit for Services—Claim against Estate of Deceased Person—
Sufficiency of Complaint—Demurrer.—A complaint in an action
upon a claim against the estate of a deceased person, alleg-
ing as the basis of the claim that the decedent "was at the
time of his death indebted to the plaintiff in the sum of seven
thousand five hundred dollars as a balance due plaintiff for
nursing, boarding, lodging, counseling, advising and taking care
of the decedent almost continuously from the twenty-sixth day
of September, 1870, down to the fourth day of November, 1895,"
is neither subject to a general demurrer for want of facts
nor to a special demurrer for uncertainty.

Id.—Services Received—Presumed Request—Implied Promise.—A
complaint which shows that the plaintiff rendered services to
the defendant which were received by him in person, and
were presumptively at his request, and of which he has en-
joyed the benefit, expresses a consideration from which a prom-
ise is implied in law to give compensation therefor, and states
facts from which the liability of the defendant is presumed,
and is good as against a general demurrer, though not affirma-
tively alleging either the request or the promise.

Id.—Items of Claim—Special Demurrer—Bill of Particulars.—A
complaint upon a single claim for services of different kinds
alleged to have been rendered to a deceased person "almost con-
tinuously" between certain dates, sufficiently shows a single
claim therefor, and is not a uniting of several causes of action
for which separate compensation should be made, or subject to
a special demurrer for uncertainty in not showing how much
services of each kind were rendered.  The items of the claim
may be obtained by demanding a bill of particulars, under sec-
tion 454 of the Code of Civil Procedure.

Id.—Times and Amounts of Services—Statute of Limitations.—The
complaint is not demurrable for uncertainty or ambiguity be-
cause not stating the times at which the services were ren-
dered, or when the items thereof accrued, or the amounts
claimed for the several kinds of services, nor because it cannot
be determined therefrom what part of the claim is barred by
the statute of limitations.

Id.—Pleading of Statute of Limitations.—The statute of limitations
is an affirmative defense, and must be specially pleaded by de-
murrer, if the bar of the statute appears upon the face of the
complaint, or if otherwise, by answer.

Id.—Practice—Motion to Make Complaint Definite and Certain—

DEMURRER.—A motion to make a complaint more definite and cer-
tain, is not proper practice in this state, and it is error to grant
such a motion. The only proper remedy under the Code is by
demurrer on the ground that the complaint is ambiguous, unin-
telligible or uncertain, under section 430 of the Code of Civil
Procedure.

ID.—NONAPPEALABLE ORDER.—An order directing that a complaint be
made more definite and certain, is not appealable.

APPEAL from a judgment of the Superior Court of Alameda
County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

B. B. Newman, for Appellant.

The demurrer was improperly sustained upon any of the
grounds specified. (*Pleasant v. Samuels,* 114 Cal. 34-37, and
cases there cited.) The motion to make more definite and cer-
tain was not proper practice, and should not be sustained. (Code
Civ. Proc., secs. 422, 430, 454.)

Metcalf & Metcalf, and John R. Glascock, for Respondents.

The complaint was defective in not stating a request. (*Wil-
kins v. Stidger,* 22 Cal. 232, 236; 83 Am. Dec. 64; 1 Chitty on
Pleading, *343.) The remedy for uniting several causes of action
not separately stated is by motion, and not by demurrer. (Code
Civ. Proc., secs. 427, 430; *City Carpet etc. Works v. Jones,* 102
Cal. 509, 510, and authorities cited.) A complaint jumbling to-
gether different causes of action in one common count, is erro-
neous. (*Buckingham v. Waters,* 14 Cal. 147; *Watson v. San
Francisco etc. R. R. Co.,* 41 Cal. 17.)

HARRISON, J.—The plaintiff brought this action to estab-
lish a claim against the estate of the defendants' testator, which
she had previously presented to them for allowance, and which
they had rejected. In her complaint she alleges as the basis of
her claim "that William A. Holcomb was at the time of his death
indebted to the plaintiff in the sum of seven thousand five hun-
dred dollars as a balance due to plaintiff for nursing, boarding,
lodging, counseling, advising, and taking care of the said William
A. Holcomb almost continuously from the twenty-ninth day of
November, 1870, down to the fourth day of November, 1895, in

the city and county of San Francisco, State of California." The defendants demurred to the complaint upon the grounds of want of facts and uncertainty, and, their demurrer having been sustained, the plaintiff has appealed from the judgment entered therein against her.

In support of their demurrer for want of facts to constitute a cause of action, the respondents contend that, as the complaint does not aver that the services of the plaintiff were rendered at the request of their testator, it fails to state a cause of action against his estate.

Under the system of pleading at the common law, it was requisite that the declaration in an action of assumpsit upon an executed consideration should show that the consideration for the promise by the defendant was sufficient to support his promise, and it was sufficient to aver that the consideration was executed at his request; but this averment was unnecessary when the consideration as well as the promise were implied from the nature of the transaction set forth in the declaration—as in an action for goods sold and delivered to the defendant, or for money loaned to him by the plaintiff. (*Fisher v. Pyne*, 1 Man. & G. 265, note.) Under our system of pleading, where only the facts which constitute the cause of action are to be alleged, it is not requisite to aver either the consideration or the promise, when they are implied as a legal conclusion from the facts which are alleged. While counsel and advice are frequently given without any request, and may be of no benefit to the party to whom they are given, yet a complaint which shows that the plaintiff rendered services to the defendant which were received by him in person, and were presumptively at his request, and of which he has enjoyed the benefit, states facts from which the liability of the defendant therefor is presumed, and is good as against a general demurrer. In the present case the nursing of the decedent by the plaintiff, and his acceptance from her of his board and lodging during the time specified, was a consideration sufficient to support the promise for compensation therefor which is implied in law, and to render him liable therefor.

The demurrer to the complaint for uncertainty in failing to show how much is claimed for nursing, and how much for boarding and lodging, and how much for taking care of the deceased,

and also in failing to show to what extent the defendants are lia-
ble on the different causes of action contained therein, should
not have been sustained.   It sufficiently appears from the com-
plaint that the plaintiff's cause of action is for services rendered
by her to the deceased.   The nature of the services alleged to
have been rendered, and the averment that they were rendered
"almost continuously" between certain dates, sufficiently show
that she has but a single claim therefor, and the enumeration in
the complaint of the different kinds of services does not consti-
tute a uniting of different causes of action any more than a com-
plaint for goods sold and delivered is a union of different causes
of action for each item that was sold.   It does not appear from
the complaint that the plaintiff makes separate claim for each
kind of services rendered, and they are not of such a nature as
presumptively to indicate that separate compensation should be
made for them.   If the defendants desired to ascertain the items
of the claim they could have obtained the same under the provi-
sions of section 454 of the Code of Civil Procedure.

The failure to state the times at which the services were ren-
dered, or when the claim for the items thereof accrued, or the
amount claimed for each kind of service, does not authorize a de-
murrer for uncertainty or ambiguity.   (*Wise v. Hogan,* 77 Cal.
184; *Pleasant v. Samuels,* 114 Cal. 34.)   Neither is the com-
plaint uncertain because it cannot be determined therefrom
whether any portion of the claim is barred by the statute of limi-
tations.   The statute of limitations is an affirmative defense,
and, if relied upon, must be asserted by the defendant.   It can-
not be raised by demurrer unless it affirmatively appears
upon the face of the complaint that the defense exists, and, even
in that case, it must be specifically stated in the demurrer as the
ground relied upon to show that, from the averments in the com-
plaint, no cause of action exists against the defendant.   (*Wise v.
Williams,* 72 Cal. 544; *Pleasant v. Samuels, supra.*)

At the time of filing their demurrer the defendants moved the
court that the plaintiff make her complaint more definite and
certain.   The court granted their motion, and made an order
May 3, 1897, that she make her complaint more definite and
certain, and that she state her cause of action for services ren-
dered and for board and lodging separately from each other, and

that she so amend her complaint within ten days, and at the same time continued the hearing of the demurrer until the seventh of June. On this last day the court made its order sustaining the demurrer upon which the judgment appealed from was entered.

In New York and in other states where the reform procedure prevails, uncertainty and ambiguity are not made grounds of demurrer to the complaint, but by a section of the code authorizing the same the court may require the plaintiff to make his complaint more definite and certain. In this state, however, the legislature in 1877 added to section 430 of the Code of Civil Procedure, as one of the grounds of demurrer to the complaint "that the complaint is ambiguous, unintelligible, or uncertain," and by reason of this provision any objection to the complaint upon these grounds must be taken by demurrer. There was no authority, therefore, for the court to make the order of May 3, and its subsequent action sustaining the demurrer must be regarded as the action upon which the judgment was entered. The plaintiff has appealed from the order of May 3d, but that order is not appealable.

The judgment is reversed, and the superior court is directed to overrule the demurrer and give to the defendants leave to answer the complaint within such time as it may deem proper.

Garoutte, J., and Van Fleet, J., concurred.