[S. F. No. 2431.    Department Two.—July 15, 1903.]

## WILLIAM C. KNOX, Respondent, v. BUCKMAN CONTRACTING COMPANY et al., Appellants.

PROMISSORY NOTES—PLEADING—NON-PAYMENT—INSUFFICIENT AVERMENT.—A complaint in an action upon a promissory note must distinctly aver non-payment; and where it merely avers that "the whole of said note is owing from said defendants to said plaintiff," without any averment of the fact of non-payment, it does not state facts sufficient to constitute a cause of action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court

William H. Chapman, for Appellants.

E. D. Sawyer, for Respondent.

McFARLAND, J.—This is an appeal by the defendants from a judgment in favor of plaintiff, brought here on the judgment-roll alone. Defendants demurred to the complaint for want of sufficient statement of facts, and their demurrer

was overruled. They then answered, and judgment was afterwards rendered against them. They contend that their demurrer should have been sustained, and that therefore the judgment should be reversed.

The action is upon several promissory notes, but the only averment in the complaint as to a breach of appellants' contract to pay any one of the notes is this: "That the whole of said note is owing from said defendants to said plaintiff." It has been frequently held by this court that such an averment is not an averment of the fact of non-payment, and that a complaint in such a case which contains no other averment as to non-payment does not state facts sufficient to constitute a cause of action. (*Frisch* v. *Caler,* 21 Cal. 71; *Roberts* v. *Treadwell,* 50 Cal. 520; *Schrouf* v. *Clay,* 71 Cal. 125; *Ryan* v. *Holliday,* 110 Cal. 337; *Richards* v. *Lake View Land Co.,* 115 Cal. 642; *Hurley* v. *Ryan,* 119 Cal. 71.)    In *Richards* v. *Lake View Land Co.,* 115 Cal. 642, the court said: "It is useless, at this late day, to discuss the merits of the rule. It is a rule easily complied with, and, being firmly established, cannot now be disregarded in order to meet the exigencies of particular cases." In *Penrose* v. *Winter,* 135 Cal. 289, cited by respondent, the rule itself, as above stated, was not questioned. It was there said that it is "a sound rule of pleading"; that "in a suit upon a promise to pay an allegation of non-payment is essential"; but that was a case where the defendant had defaulted, and, of course, there had been no demurrer to the complaint, and it was merely declared that "it ought to be held that the allegation that there is now due and owing, etc., is sufficient to sustain a default judgment." And in that case *Ryan* v. *Holliday,* 110 Cal. 337, was overruled only so far as it applied the rule to a default judgment, which is different from a case where a plaintiff had been put on his guard by a demurrer to his complaint.

The judgment appealed from is reversed, with directions to the court below to sustain the demurrer to the complaint.

Lorigan, J., and Henshaw, J., concurred.