[Civ. No. 606.   Third Appellate District.—August 23, 1909.]

## C. W. PRESTON, Respondent, v. CENTRAL CALIFORNIA WATER AND IRRIGATION COMPANY, a Corporation, Appellant.

ACTION FOR BALANCE OF ACCOUNTS DUE ASSIGNORS—PLEADING—COMMON COUNTS—INDEBITATUS ASSUMPSIT.—Where the complaint in an action by an assignee of numerous accounts sets forth in each count either that specified goods, wares and merchandise were between specified dates sold and delivered to defendant by plaintiff's assignor, or that specified services were rendered to defendant by plaintiff's assignor, and that there became due on each count a specified balance, that each of said accounts were sold and assigned to plaintiff for value, and that no part thereof has been paid, though it is not an exemplar of model pleading, yet it sufficiently states common counts in *indebitatus assumpsit.*

ID.—ESSENTIAL REQUISITES OF GOOD PLEADING.—The essential requisites of good pleading are that the matter pleaded must be clearly and distinctly stated, so it may be fully understood by the adverse party, the counsel, the jury and the judges, and especially as to the complaint, that the defendant may be enabled to plead the judgment rendered thereunder in bar of any further action for the same cause. It is held that the complaint in this case sufficiently complies with these requisites.

ID.—COMMON COUNTS—CONSIDERATION, REQUEST AND PROMISE IMPLIED. In an action on the common counts for goods sold and delivered, and for services rendered, the consideration, request and promise are implied, and it is not necessary to allege either specifically in the complaint.

ID.—BREACH OF CONTRACT—AVERMENT OF NONPAYMENT.—The averment of nonpayment of the balance due in each count of the complaint sufficiently alleges a breach of the contract therein set forth.

ID.—SPECIAL DEMURRER—UNCERTAINTY AS TO NATURE OF CONTRACT— RULING NOT PREJUDICIAL.—Though it is the better method of pleading to state the nature of the contract, whether it be express or based upon a *quantum valebat* or *quantum meruit,* yet the defendant was not prejudiced by the overruling of a special demurrer for uncertainty as to the nature of the contract, when, in view of the answer and trial, it cannot be said that such uncertainty affected the substantial rights of the parties.

ID.—INSUFFICIENT ANSWER—NEGATIVE PREGNANT—ABSENCE OF PROOF AT TRIAL—DEFENDANT NOT INJURED BY RULING UPON SPECIAL DEMURRER.—Where the answer raised no issue of fact as to the several counts of the complaint, and was insufficient as merely involving a negative pregnant, as to the amount of the indebtedness, thereby admitting indebtedness in any less amount; and where the defendant, at the trial, offered no evidence to prove that the claims pleaded by plaintiff did not exist, or that they were paid, it cannot be said that defendant was injured by the overruling of his special demurrer to the complaint, and he is not in a position to complain thereof upon appeal.

ID.—CLAIM OF INTEREST ON BALANCES ALLEGED TO BE DUE—ABSENCE OF PLEADING BY DEFENDANT—GENERAL FINDING—SUPPORT OF JUDGMENT.—Though an averment in the complaint that plaintiff claims interest on the balances alleged to be due, is not the best pleading thereof, yet where the defendant neither interposed a special demurrer thereto, nor raised any issue as to interest in the answer, thereby admitting the claim of interest, a general finding that all the allegations of the complaint are true is sufficient to support an award of interest in the judgment from the time when the several claims pleaded became due and payable.

ID.—EVIDENCE—ASSIGNMENTS TO PLAINTIFFS—ITEMIZED ACCOUNT OF INDEBTEDNESS.—The court properly admitted in evidence the assignments to the plaintiff of the several claims alleged in the complaint; and where the purpose of their admission was not limited, and each assignment contained an itemized account of the indebtedness assigned, it was proper for the court to consider the same as evidence of the indebtedness assigned.

ID.—SUPPORT OF FINDINGS.—*Held,* that the findings are sufficiently supported by the evidence, and the admission of the answer.

ID.—SUFFICIENCY OF ASSIGNMENTS FROM CORPORATION BY GENERAL MANAGER—PRIMA FACIE EVIDENCE—BURDEN OF PROOF.—Assignments of claims in favor of a corporation to the plaintiff, made in the name of the corporation by its general manager, are at least *prima facie*

evidence of the authority of the general manager, by virtue of his position, to execute the same, and it was incumbent upon the defendant to overcome the effect of such proof, if he could do so.

Id.—General Authority of Managing Agent.—In respect to the management of the business of a corporation, a general managing agent and superintendent of a corporation is the representative of the corporation, and may do in the transaction of its ordinary affairs what the corporation itself could do within the scope of its powers.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Jellett & Meyerstein, and H. T. Miller, for Appellant.

N. O. Bradley, and E. C. Farnsworth, for Respondent.

HART, J.—The plaintiff inaugurated this action to recover the sum of $8,445.43, and interest, alleged to be due for goods sold and services rendered by the assignors of plaintiff.

The plaintiff secured judgment for the sum sued for, together with interest, and the defendant prosecutes this appeal from said judgment and from the order denying it a new trial.

A general and special demurrer to the complaint was interposed by the defendant and overruled by the court.

The special demurrer assails the complaint on the ground of uncertainty, charging that from its averments it cannot be ascertained whether the "lumber, materials and merchandise," etc., mentioned in the complaint, were sold at agreed prices or the amounts alleged as being due therefor were the reasonable value thereof. Similar criticism is directed against those counts of the complaint alleging the performance of certain services for which recovery is sought. In other words, it is insisted that the averments of the complaint are uncertain, in that it cannot be determined therefrom whether the action is for recovery upon express contracts by which the prices to be paid for the goods sold and the services performed were fixed and agreed upon or upon implied contracts for the reasonable value of the goods and services.

The claim is also made that the complaint is obnoxious to the objection that its averments throughout involve mere conclusions of law.

The complaint sets out, in as many distinct counts, a number of different and distinct claims in various amounts and alleges the assignments thereof to the plaintiff by the original owners of said claims.

The first count of the complaint alleges, after declaring the defendant to be a corporation, "that between the first day of January, 1907, and the first day of September, 1907, the Exeter Lumber Company sold and delivered to said defendant lumber, materials and merchandise upon which there became due to said Exeter Lumber Company a balance of five thousand four hundred and seventy-five and 57/100 dollars." Assignment of said claim to the plaintiff for a valuable consideration and its nonpayment are alleged.

The averments of the other counts are, *mutatis mutandis,* in identical language with that of the first count.

As to the first and seventh counts (the latter being the claim of S. Sweet Company) the answer merely denies the assignments of the claims therein set out to the plaintiff by the original owners thereof, while as to the other counts, the answer makes a futile attempt to tender an issue upon the question of the alleged indebtedness, and denies the assignments of the claims therein pleaded.

1. Counsel for appellant claim, among the other contentions mentioned, "That [adopting the language of their brief] while we are aware that it has been repeatedly held in this state that even under our code a common count is not obnoxious to a general demurrer, it is apparent that the averment with reference to the Exeter Lumber Company's claims is not cast in the form of a common count." But there is, in our opinion, nothing in this point. It may be conceded that the complaint is not to be indorsed as an exemplar of model pleading, yet it is clear that its averments are in the form of an *indebitatus assumpsit* or a common count.

Nor do we think that the complaint is obnoxious to the other objections pointed out by and insisted upon under the special demurrer. As we have said, the complaint is by no means a perfect pleading in an action *indebitatus assumpsit*

11 Cal. App.—13

in form, and while there is no doubt that its averments could be construed as involving in a measure conclusions of law, we think they are sufficient to meet one of the essential requisites of all good pleading, to wit: That the matter pleaded must be clearly and distinctly stated, so that it may be fully understood by the adverse party, the counsel, the jury and the judges, and especially (as regards the complaint) that the defendant may be enabled to plead the judgment, which may be rendered in the cause, in bar of any subsequent action for the same cause. (Gould's Pleading, c. 3, sec. 51.)  Here the complaint states that between certain designated dates the defendant became indebted to the assignors of plaintiff in certain sums for goods and merchandise sold and delivered and for services rendered to the defendant, and that no part of such sums has ever been paid. It is difficult to conceive how the defendant or any person of ordinary intelligence could misapprehend these averments or how a denial of them would not tender an issue of fact of which a judgment could be predicated so clear, definite and certain as to constitute it an obvious and readily perceivable bar against any subsequent action which might be instituted for the same causes.

But we are not without direct authority in California upholding a complaint in an action *indebitatus assumpsit* in form whose averments are identical with those contained in the complaint in the present case.

In the comparatively recent case of *McFarland* v. *Holcomb,* 123 Cal. 84, [55 Pac. 761], the complaint alleged "that William A. Holcomb was at the time of his death indebted to the plaintiff in the sum of $7,500 as a balance due to plaintiff for nursing, boarding, lodging, counseling, advising and taking care of the said William A. Holcomb almost continuously from the twenty-ninth day of November, 1870, down to the fourth day of November, 1895, in the city and county of San Francisco, state of California."  To this complaint a demurrer, both general and special, was interposed, the latter for uncertainty, and the special demurrer sustained.  The court, reversing the judgment entered after demurrer sustained, has this to say: "Under the system of pleading at the common law, it was requisite that the declaration in an action of *assumpsit* upon an executed consideration should show that

the consideration for the promise by the defendant was sufficient to support his promise, and it was sufficient to aver that the consideration was executed at his request; but this averment was unnecessary when the consideration as well as the promise were implied from the nature of the transaction set forth in the declaration—as in an action for goods sold and delivered to the defendant, or for money loaned to him by the plaintiff. (*Fisher* v. *Pyne,* 1 Man. & G. 265, note.) Under our system of pleading, where only the facts which constitute the cause of action are to be alleged, it is not requisite to aver either the consideration or the promise, when they are implied as a legal conclusion from the facts which are alleged. While counsel and advice are frequently given without any request, and may be of no benefit to the party to whom they are given, yet a complaint which shows that the plaintiff rendered services to the defendant which were received by him in person, and were presumptively at his request, and of which he has enjoyed the benefit, states facts from which the liability of the defendant therefor is presumed, and is good as against a general demurrer. In the present case the nursing of the decedent by the plaintiff, and his acceptance from her of his board and lodging during the time specified, was a consideration sufficient to support the promise for compensation therefor which is implied in law, and to render him liable therefor.''

In the case of *Aydelotte* v. *Billing,* 8 Cal. App. 673, [97 Pac. 698], the same proposition as the one here having been under review, similar objections to the complaint as those urged here were rejected upon the authority of *McFarland* v. *Holcomb,* 123 Cal. 84, [55 Pac. 761]. A petition for a rehearing was filed in this court in the first-mentioned case, and in denying it, it was said through Mr. Justice Burnett, after setting out the averments of the complaint in the last-mentioned case: ''It will thus be seen that the action was for services performed, that there was no allegation that they were performed at the instance or request of Holcomb, or that there was any promise to pay. The supreme court, however, held that the complaint stated a cause of action. If that case is not directly in point here, or if it is to be overruled, the decision to that effect must come from the supreme court.''

A petition for a rehearing in *Aydelotte* v. *Billing* was denied by the supreme court.

In the case at bar, as we have seen, the complaint alleges that the sums claimed or any part thereof have not been paid, and this has often been held to be a sufficient allegation of the breach of the contract declared upon. (*Ryan* v. *Holliday,* 110 Cal. 335, [42 Pac. 891]; *Knox* v. *Buckman Contracting Co.,* 139 Cal. 598, [73 Pac. 428]; *Richards* v. *Lakeview Land Co.,* 115 Cal. 642, [47 Pac. 683].) In the last-cited case, the complaint, as here, contained several different counts. In each of the counts in said complaint, except the first, fifth and seventh, there was an averment that the amount claimed "has not been paid, or any part thereof." In the first count the only averment as to nonpayment was that "there is now due and owing from said defendant to the said plaintiff" the amount stated in said count. The fifth and seventh counts upon the subject of nonpayment contained similar averments. These were held to be mere conclusions of law and not an averment of fact. Each of the remaining counts, in which it was alleged that the amount claimed "has not been paid, or any part thereof," was held to be a sufficient averment of the breach of the contract, the failure to pay constituting the breach.

2. The point that the complaint is uncertain and ambiguous because it cannot be told therefrom whether the several claims therein set forth arose from an express or an implied *assumpsit* is, we think, without substantial merit. While it would undoubtedly be the better method of pleading a contract upon which an action is brought to clearly state the nature of the same—that is, whether the action is on an express contract or upon a *quantum valebat* or *quantum meruit*—we are unable to perceive upon what principle of logic the strict observance of that rule should be held to be indispensably necessary in such an action to the statement of a cause of action impregnable against the objection of a special demurrer. The mere denial that the defendant is indebted to the plaintiff in the sum alleged to be due would certainly raise the only important issue in the case, to wit, whether the defendant was or was not so indebted, and such issue would necessarily be thus tendered whether the alleged indebtedness was the result of an express or an implied con-

tract. As was said in the case of *Manning* v. *Dallas,* 73 Cal.
420, [15 Pac. 34], where a complaint similar to the one here
was considered, though not on demurrer: "Under the com-
plaint the plaintiff was entitled to recover, if he had per-
formed services for the defendant, such sum as defendant had
agreed to pay him for his services, or if no price was fixed,
then such sum as his services were reasonably worth."

But while, as we have intimated, the special demurrer
should perhaps have been sustained, if for no other reason
than to compel pleaders to adhere to the very first rules of
good pleading, we think the error of the court in overruling
it could not have operated prejudicially against the defend-
ant, in view of the answer and the trial.

The averments of the answer addressed specifically to each
of the counts of the complaint do not raise an issue of fact,
because they do not involve direct denials of the existence
of the several claims declared upon. The answer "denies"
each of the counts of the complaint in the form in which the
denial is interposed to the count alleging indebtedness to one
B. E. Hooper, which is as follows: "Said defendant denies
that the defendant became justly or otherwise indebted to
B. E. Hooper for a balance on account for labor and services,
or labor or services, rendered said defendant by said B. E.
Hooper between the first day of March, 1907, and the first
day of September, 1907, or any other time, in the sum of
four hundred and thirteen and 56/100 dollars."

It is at once apparent that the foregoing denial involves a
negative pregnant, the denial being in the precise sum al-
leged in that count of the complaint, and, therefore, an ad-
mission of an indebtedness of any lesser amount. (*Blankman*
v. *Vallejo,* 15 Cal. 638; *Towdy* v. *Ellis,* 22 Cal. 650; Estee's
Pleadings, sec. 3174.) Moreover, there was no evidence of-
fered by the defendant to prove that the claims pleaded in
the complaint did not exist or were paid. Certainly it can-
not be said that, having failed to deny that it was indebted
to the plaintiff in some sum of money, and having made no
effort to disprove the existence of the claims counted upon,
the defendant suffered any injury. Our code expressly de-
clares that "the court must, in every stage of an action, dis-
regard any error or defect in the pleading or proceedings
which does not affect the substantial rights of the parties,

and no judgment shall be reversed or affected by reason of such error or defect." (Code Civ. Proc., sec. 475.)

In the case of *Gasson* v. *Bower*, 72 Cal. 555, [14 Pac. 206], it is said: "Where a pleading is demurred to for ambiguity, we think that if the party was not misled to his prejudice, the ambiguity cannot be said to 'affect the substantial rights of the parties.' And we do not think that in this case the appellant was misled."

In *Rooney* v. *Gray Bros.*, 145 Cal. 753, [79 Pac. 523], it is said: "When a case has been tried and a judgment rendered on the facts, in order to warrant a reversal upon the ground of error in overruling a demurrer interposed upon the ground of uncertainty in the complaint, it must appear that some substantial right of the demurrant has been affected, some prejudicial error, as distinguished from abstract error, suffered by him, or he has no room for complaint." (See, also, *Alexander* v. *Central L. & M. Co.*, 104 Cal. 532 et seq., [38 Pac. 410]; *Rooney* v. *Gray Bros.*, 145 Cal. 753-758, [79 Pac. 523]; *Bank of Lemoore* v. *Fulgham*, 151 Cal. 234-237, [90 Pac. 936]; *Peterson Bros.* v. *Mineral King etc.*, 140 Cal. 624-627, [74 Pac. 162]; *Huffner* v. *Sawday*, 153 Cal. 86-89, [94 Pac. 424].)

In the case at bar, under the pleadings, there was nothing to prevent the defendant from *attempting* to disprove the claims set out in the complaint. It is no answer to the claim that the defendant sustained no substantial injury to now say that no issue upon the indebtedness was raised by the pleadings, and that the court would most likely have sustained objections to any evidence which might have been offered to negative the claim of indebtedness. The fact remains that the evidence is sufficient to support the findings of the court in favor of the plaintiff, and that the defendant made no effort either by the pleadings or proof to deny or disprove an indebtedness to plaintiff arising out of all the claims counted upon. In other words, we do not think that the defendant could have been misled to his substantial injury through the conceded inartificiality of the averments of the complaint, nor that, having gone to trial without tendering an issue upon the fact of indebtedness, and having failed even to offer proof against the existence or breach of the contracts out of which the several claims pleaded in the com-

plaint are alleged to have arisen, it is in a position now to complain.

3. It is claimed that there is no finding as to interest, and that, therefore, the judgment, to the extent that it awarded interest on the several claims set forth in the complaint, is without support from the findings. This contention arises from the nature of the allegation as to interest and of the findings of fact. The complaint in each of the counts avers that the plaintiff *"claims* interest" on the amount alleged to be due. This, it is said, is not the averment of a fact, and that, as the court. does not make a specific finding as to interest, but only finds generally that "all the allegations and averments of said plaintiff's complaint are true," and that "all the allegations and denials of the answer of said defendant are untrue," the judgment is without a prop upon which to rest so far as interest is concerned.

The special demurrer to the several counts of the complaint is not, as we have seen, addressed to the allegation upon the subject of the interest claimed upon the several pleaded claims from the time they became due and payable. And the answer does not deny that the plaintiff is entitled to interest on said claims, and thus the defendant admits the truth of the averments as to interest, although it cannot be denied that they do not involve high-class pleading.

4. It is lastly claimed that the evidence is insufficient to support the findings, and that the court committed prejudicial error in its rulings admitting in evidence the several assignments by the original owners of the claims. Neither point is well taken.

As to the findings, the court based its decision upon the admission of the answer; that is, the court assumed, as we have held that it was justified in doing from the nature of the averments of the answer upon the question of indebtedness, that there was no issue before the court with the exception of that tendered by the denials as to the assignments. Besides, each of the assignments contained an itemized account of the indebtedness, and, while the specific purpose for which the assignments were introduced was, no doubt, to prove the fact of the assignments of the claims to plaintiff, yet they were not specifically limited to that purpose, and,

therefore, it was proper for the court to consider them for all the purposes of the case and, consequently, as evidence of the indebtedness. We think the findings are sufficiently supported by the evidence and the admissions of the answer.

5. Nor was it error for the court to admit the assignments in evidence for the purpose of showing the transfer of the claims to the plaintiff. It was shown that the assignment by the Visalia Electric Railroad Company of its claim to plaintiff was executed on behalf of said company by James H. Crossett, the manager of that corporation. It was further proved that the assignment of the claim of S. Sweet Company, a corporation, was executed by Mr. Levis, its general manager, and to this assignment was attached the corporate seal of the corporation.

It will not be doubted that the manager of a corporation may, for such corporation, perform any act within its ordinary business transactions and affairs. And it cannot be questioned that an assignment of an account for transporting freight by the manager or superintendent of a railroad corporation, or for merchandise sold by a mercantile company, involves anything beyond the transaction of the ordinary affairs of such corporation or mercantile company. The objection to the introduction of these assignments was upon the ground that there was no evidence disclosing the authority of the parties executing the assignments to thus act for the corporation. We think that the proof of the execution of the instruments by the managers of the corporation amounted to at least *prima facie* proof of the authority in the managers to execute them upon behalf of the corporations they represented, and that it was incumbent on the defendant to overcome the effect of such proof if it could do so.

In *McKiernan* v. *Lenzen*, 56 Cal. 61, objection having been made to the reception in evidence of an assignment of an account executed by the manager thereof on behalf of the corporation upon the ground that power in said manager to perform that act for the corporation was not shown, the supreme court thus disposes of the point: "No formal objection has been made to the assignment by him; the sole objection is, that he had no power to make it at all. . . . In respect to the management of its business, a general manag-

ing agent and superintendent is the representative of the corporation, and may do in the transaction of its ordinary affairs what the corporation itself could do within the scope of its powers.''

In *Jennings* v. *Bank of California,* 79 Cal. 323, 328, [12 Am St. Rep. 145, 21 Pac. 852, 854], it is said: ''The officers who transact the ordinary business of a corporation are presumed to have authority to do all acts which are usual and incidental thereto.'' The following authorities affirm the rule as thus stated: *Greig* v. *Riordan,* 99 Cal. 316, [33 Pac. 913]; *Seely* v. *San Jose I. M. & L. Co.,* 59 Cal. 22; *Bates* v. *Coronado Beach Co.,* 109 Cal. 160, [41 Pac. 855]; Waterman on Corporations, sec. 30.

The cases cited by the appellant upon this proposition are not in point; two of these were where the secretary of a corporation undertook to perform some act for the corporation which was not within his authority as such officer. Besides, there should be a distinction between a secretary of a corporation and the manager or managing agent thereof as to the presumption of power to do or perform any act within the ordinary affairs of the corporation. Ordinarily, a manager of a corporation has control of the administrative affairs of such corporation to the extent that he may perform many acts within the ordinary transaction of its business affairs without express or direct authority from the board of directors; while the secretary is, ordinarily, a mere ministerial officer under the control of the manager and the board of directors, and whose authority does not extend to the transaction of the ordinary affairs of the corporation upon his own independent volition and judgment.

Our conclusion is, as is apparent from the foregoing views, that, while there is much in this record justifying criticism, particularly as to the pleadings, there is nothing so serious as to warrant a reversal of the judgment and the order. The judgment appears to be just and the appeal here has been, as is obvious, pressed on ultra technical lines.

For the reasons herein set forth, the judgment and order appealed from are affirmed.

Burnett, J., and Chipman, P. J., concurred.