[Civ. No. 731.   Third Appellate District.—November 19, 1910.]

PHILIP KRIEGER, Respondent, v. JAMES FEENY, E. J. DYAS, and HENRY M. BARNES, Copartners, etc., Appellants.

ACTION ON ASSIGNED CLAIMS—GOODS AND MERCHANDISE SOLD AND FUR-NISHED—SERVICES RENDERED—SUFFICIENCY OF COMPLAINT.—A complaint in an action on assigned claims for goods and merchandise sold and furnished, and for services rendered by plaintiff's assignors to defendants, which alleges an indebtedness therefor to each assignor at the special instance and request of defendants in each sum specified, and the assignment of each claim to plaintiff before suit, who became and still is the owner and holder thereof, and that no part thereof has been paid, states a cause of action on each count therefor, which is sufficient as against a general demurrer.

ID.—ABSENCE OF UNCERTAINTY—FAILURE TO ALLEGE EXPRESS PROM-ISE—IMPLIED PROMISE FOR REASONABLE VALUE.—There is no uncertainty as to the meaning of the averments in the complaint. Although they do not involve an express promise to pay a specified sum for the goods and merchandise or for the services, they are nevertheless sufficient to entitle plaintiff to recover upon an implied contract to pay whatever the evidence may show that they are reasonably worth.

ID.—SUFFICIENT AVERMENT OF NONPAYMENT — LEGAL CONCLUSION NOT INVOLVED.—Where each count of the complaint alleges that said defendant "has not paid any part of the amount due as aforesaid," this is not a legal conclusion, but is a sufficient averment of non-payment.

ID.—PLEADING—CAUSE OF ACTION—IMPLIED CONSIDERATION AND PROM-ISE.—Under our system of pleading, where only the facts which constitute the cause of action are to be alleged, it is not requisite to

aver either the consideration or the promise, when they are implied as a legal conclusion from the facts which are alleged. In the case at bar, the furnishing of the merchandise and the performance of the services by the several assignors of plaintiff, and the acceptance thereof by the defendants, constituted a sufficient consideration to support the promise for compensation which is implied by law, and to render them liable therefor.

ID.—FAILURE OF FIRST COUNT TO AVER CONTINUED OWNERSHIP AFTER ASSIGNMENT—GROUND OF SPECIAL, BUT NOT GENERAL, DEMURRER.— Where the first count of the complaint, after setting forth the liability of defendants to plaintiff's assignors, averred the assignment thereof to plaintiff before the commencement of the action, but failed to aver that plaintiff was the owner thereof at the time of its commencement, such failure is ground for special demurrer, but is good as against a general demurrer as fairly implying that plaintiff claimed ownership when the action was commenced for the purpose of a cause of action.

ID.—INSUFFICIENT DEMURRER — WAIVER OF UNCERTAINTY NOT POINTED OUT.—A general demurrer to a complaint must be overruled if any count states a cause of action, and would not reach uncertainty in any count, and a special demurrer addressed to other grounds and overruled, which did not urge uncertainty in such defective count, waived objection thereto.

ID.—UNCERTAINTY IN PLEADING MUST WORK SUBSTANTIAL INJURY.—Uncertainty in a pleading must be such as to work a substantial injury, and an order overruling a demurrer for uncertainty does not involve prejudicial error, where the opposing party comprehends the meaning of its averments sufficiently to tender a clear and distinct issue upon the pleaded facts.

ID.—ABSTRACT ERROR AS TO UNCERTAINTY AFTER TRIAL.—When a case has been tried and a judgment rendered on the facts, in order to warrant a reversal, upon the ground of error in overruling a demurrer as to uncertainty in the complaint, it must appear that some substantial right of the defendant has been affected, some prejudicial error, as distinguished from abstract error, suffered by him, or he has no room for complaint.

APPEAL from a judgment of the Superior Court of Sacramento County. P. J. Shields, Judge.

The facts are stated in the opinion of the court.

George Clark, and W. A. Anderson, for Appellants.

'Arthur McCurdy, for Respondent.

HART, J.—This is an action for the recovery of a judgment on a number of claims assigned to plaintiff by the owners of said claims.

The complaint alleges that Feeny, Dyas and Barnes are copartners, engaged as such in carrying on and conducting the hotel and saloon business in the city of Sacramento, and that the several claims upon which this action is brought are the result of goods and merchandise furnished and money loaned to and services performed for the defendants by the several parties assigning said claims to plaintiff. There are twelve of these claims, each separately pleaded in the form of a common count, and they aggregate in amount the sum of $1,558.68.

The court gave plaintiff judgment for the sum of $1,096.74, having found against some of the claims.

This appeal is by Feeny and Dyas from said judgment, on the judgment-roll alone.

A demurrer, general and special, was interposed to the complaint by the defendants Feeny and Dyas, the defendant, Barnes, making no appearance.

The demurrer was overruled and Feeny and Dyas filed an answer, denying the material allegations of the complaint, and, by way of a "further and separate defense," averring certain facts which amount to a denial that they and Barnes ever constituted themselves partners for the purpose of carrying on the hotel and saloon business in the city of Sacramento. The principal point urged is that the complaint is bad for want of facts.

The general demurrer is addressed to the entire complaint and not to any particular count therein set forth. The argument is that in none of the counts is there an allegation "that defendants agreed to pay anyone any sum of money whatever"; that there is nothing in the allegations to show that plaintiff's assignors ever furnished goods, services, etc., to defendants at their request; that there is no allegation of any consideration supporting any promise to pay for any merchandise, services, etc.; that there is no direct averment of ownership in plaintiff of the various claims at the time of the institution of the action; that the allegations in all the several causes of action at best involve only legal conclusions.

The court's findings follow the averments of the complaint—that is, without directly finding the facts as to each count, the court finds that the material allegations of certain causes of action set out in the complaint (designating said causes by number) are sustained by the testimony or not so sustained, according as the court found the facts.

As against the force of a general demurrer, the facts pleaded as to each of the counts declared upon will stand as a sufficient statement of a cause of action.

The averments of the second count or cause of action may be taken as a sample of those of all the other pleaded counts, with the exception of the first, and said averments, following a paragraph reaverring in general language paragraph 1 as to the partnership of defendants, read as follows: "2. That within two years last past in the county of Sacramento, state of California, before the filing of this action, defendants became indebted to McCaw & Son, a copartnership, for and on account of wood and coal furnished defendants by McCaw & Son at the special instance and request of defendants, in the sum of $35; 3. That before the filing of this action, said McCaw & Son sold and assigned said claim to plaintiff, and all their right, title and interest in and to said claim and account against defendants arising out of said claim as aforesaid, and plaintiff ever since has been and now is the owner and holder thereof; 4. That said defendants, although often requested, have not paid any part of the amount due as aforesaid, and there is now due, owing and unpaid from the said defendants to the said plaintiff the sum of $35."

Thus it will be noticed that the complaint alleges the indebtedness to the assignors of plaintiff, an assignment of the claim to plaintiff and that the plaintiff "ever since has been and now is the holder and owner thereof," and that no part of said claim has been paid. There can arise no uncertainty as to the meaning of these averments, and, while they do not involve the statement of an express promise to pay a stipulated sum for the merchandise furnished, they are nevertheless sufficient to entitle plaintiff to a judgment for whatever the evidence may disclose that the merchandise is reasonably worth. (*Manning* v. *Dallas,* 73 Cal. 420, [15 Pac. 34]; *Preston* v. *Central Cal. etc. Irr. Co.,* 11 Cal. App. 197, [104 Pac. 462].) Each count alleges that said defendant "has

not paid any part of the amount due as aforesaid," and this is not a legal conclusion, but a sufficient averment of the breach of the contract or of nonpayment. (*Ryan* v. *Holliday*, 110 Cal. 335, [42 Pac. 891]; *Knox* v. *Buckman Contracting Co.*, 139 Cal. 598, [73 Pac. 428]; *Richards* v. *Lakeview Canal Co.*, 115 Cal. 642, [47 Pac. 683]; *Preston* v. *Cal. Irr. etc. Co.*, 11 Cal. App. 197, [104 Pac. 462].) Indeed, the complaint in the case at bar, as to all the causes of action except the first, is no less inartificial in any particular than those approved, as against the force of a general demurrer, in *Mc-Farland* v. *Holcomb*, 123 Cal. 84, [55 Pac. 761], and *Aydelotte* v. *Billing*, 8 Cal. App. 673, [97 Pac. 698]. In the first-mentioned case the complaint alleged, as the basis of plaintiff's claim, "that William A. Holcomb was at the time of his death indebted to the plaintiff in the sum of $7,500 as a balance due to plaintiff for nursing, boarding, lodging, counseling, advising and taking care of the said William A. Holcomb almost continuously from the twenty-ninth day of November, 1870, down to the fourth day of November, 1895, in the city and county of San Francisco, state of California." The particular criticism urged against said complaint was that it did not aver that the services of the plaintiff were rendered at the request of the deceased, and that, therefore, it did not state a cause of action. Holding against that contention, the supreme court said: "Under the system of pleading at the common law, it was requisite that the declaration in an action in *assumpsit* upon an executed consideration should show that the consideration for the promise by the defendant was sufficient to support his promise, and it was sufficient to aver that the consideration was executed at his request; but this averment was unnecessary when the consideration as well as the promise were implied from the nature of the transaction set forth in the declaration—as an action for goods sold and delivered to the defendant, or for money loaned to him by the plaintiff. (*Fisher* v. *Pyne*, 1 Man. & G. 265, note.) Under our system of pleading, where only the facts which constitute the cause of action are to be alleged, it is not requisite to aver either the consideration or the promise, when they are implied as a legal conclusion from the facts which are alleged."

In the case at bar, the furnishing of the merchandise and the performance of the services by the several assignors of plaintiff and the acceptance from them of such merchandise and services by the defendants constituted a sufficient consideration to support the promise for compensation therefor which is implied in law, and to render them liable therefor. (*McFarland* v. *Holcomb,* 123 Cal. 84, [55 Pac. 761].)

But it is claimed that the first cause of action sought to be stated in the complaint is defective, in that, while it discloses the assignment of the claim therein pleaded by the assignor to plaintiff, it does not show that plaintiff was the owner thereof at the time of the filing of the complaint. In *Irish* v. *Sunderhaus,* 122 Cal. 308, [54 Pac. 1113], which was an action brought by the plaintiff as assignee of certain claims of creditors, the complaint, after pleading the debt of each creditor, and after an averment that the debt was still due and unpaid, alleged: ''That said claim was duly assigned to this plaintiff before the commencement of this action.'' No other averment appeared in the complaint from which it appeared that the plaintiff was the owner of said claim at the time the suit was filed. It was contended there, as it is here, that the complaint failed to state a cause of action by reason of the omission to aver that plaintiff, when he filed the complaint, was still the owner of the assigned claim. The supreme court held that, while the complaint would fall before a special demurrer, it would stand as against a general demurrer. There is to be gathered from the complaint here a fair implication that plaintiff, in his first stated cause of action, claimed ownership of the claim at the time of the commencement of the action, and, as stated, that is sufficient as against a general demurrer. (See *Amestoy* v. *Electric etc. Co.,* 95 Cal. 311, [30 Pac. 550], and *Alexander* v. *McDow,* 108 Cal. 25, [41 Pac. 24].)

But, even if we might well concede that the first cause of action which plaintiff attempts to state is fatally defective for want of averment of present ownership of the claim therein set forth, still the point could be of no avail to appellants since the complaint, as a whole, states a cause of action and both the general and special demurrers are aimed at the complaint as a whole and not specifically directed to any particular one or more of the several counts set out. It is

well settled that where a complaint sets forth a number of causes of action in separate counts, a general demurrer, interposed to the complaint as a whole, will not be sustained if any single one of such counts states facts sufficient to constitute a cause of action. (*Pfister* v. *Wade*, 69 Cal. 136, [10 Pac. 369].) If any one of the counts is bad for want of sufficient facts, the demurrer for insufficient facts must, in order to achieve its purpose, be specifically aimed at such count. And if there is any uncertainty in the averments of any one or more of the several causes of action set out, the special demurrer should have particularized such causes of action and pointed out wherein they were subject to the criticism of uncertainty. But the only point which appears to be urged under the special demurrer, apart from the charge of misjoinder of parties defendant and that of the incapacity of the plaintiff to maintain this action, is that it cannot be ascertained from the complaint what "relief plaintiff demands therein." We perceive absolutely no difficulty in readily determining, from the averments of the complaint and the prayer, what the plaintiff is seeking to attain through this action. There is certainly no uncertainty in the complaint in that regard. Indeed, the defendants themselves seem to have experienced no such trouble in comprehending the averments of the complaint and the purpose of the action as prevented them from submitting by their answer a clear-cut issue on their alleged indebtedness to plaintiff upon the several assigned claims set forth in the complaint. Uncertainty in a pleading must be such as to work a substantial injury or disadvantage to the defendant. The averments of a pleading may be cast in such form of language as to throw about them some degree of uncertainty, using that term in its technical sense, yet if, notwithstanding such uncertainty, the opposing party sufficiently comprehends the meaning of the averments and the intention of the pleader to enable him to reply to them and so tender a clear and direct issue upon the pleaded facts, then the order overruling a demurrer for uncertainty does not involve prejudicial error. In other words, "when a case has been tried and a judgment rendered on the facts, in order to warrant a reversal upon the ground of error in overruling a demurrer interposed upon the ground of uncertainty in the complaint, it must appear that some substantial right

of the defendant has been affected, some prejudicial error, as distinguished from abstract error, suffered by him, or he has no room for complaint.'' (*Rooney* v. *Gray Bros.*, 145 Cal. 753, [79 Pac. 523] ; *Alexander* v. *Central L. & M. Co.*, 104 Cal. 532 et seq., [38 Pac. 410] ; *Bank of Lemoore* v. *Fulgham*, 151 Cal. 234–237, [90 Pac. 936] ; *Peterson Bros.* v. *Mineral King etc.*, 140 Cal. 624–627, [74 Pac. 162] ; *Huffner* v. *Sawday*, 153 Cal. 86–89, [94 Pac. 424].)

As stated, it does not appear that the defendants suffered in the slightest degree from the order overruling the special demurrer. The issue upon the question of the indebtedness of defendants to plaintiff upon the pleaded claims was squarely and clearly tendered and tried.

There is obviously nothing in the suggestion that there is a misjoinder of parties defendant and that the plaintiff is without capacity to maintain this action.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.