SUCCESSORS OF JOSÉ MARTÍNEZ *v.* TOMÁS DÁVILA & CO.

APPEAL from the District Court of San Juan, Section 1.

No. 745.—Decided February 24, 1912.

JUDGMENT ON THE PLEADINGS—INSUFFICIENT ANSWER.—Judgment rendered on the pleadings when the answer is insufficient may be considered as equivalent to judgment by default because an answer which does not deny the essential allegations of the complaint has no effect whatever and is the same as no answer, in which case judgment may be rendered on the pleadings.

INSUFFICIENT COMPLAINT—RECOVERY OF ASSIGNED MERCANTILE CREDITS—ORIGIN AND NATURE OF CLAIM—DUTY OF ASSIGNEE.—An action for the recovery of mercantile credits brought by the assignee of the same who does not plead the origin and nature of said credits is insufficient and will not support a judgment on the pleadings against the defendant for an insufficient answer.

ID.—CONCLUSION OF LAW—ACTION TO RECOVER MERCANTILE CREDITS.—The following allegation in a complaint which does not state the origin and nature of the credits sought to be recovered amounts to a conclusion of law: "That the defendant firm by reason of its mercantile transactions with the complainant firm has contracted in favor of the latter a debt of $912.01."

INSUFFICIENT COMPLAINT—ALLEGATION FOR FIRST TIME ON APPEAL—ORIGIN OF CLAIM.—Failure to allege the origin of the claim in a complaint for the collection of certain mercantile credits is a matter of substance and may be raised for the first time on appeal, the defendant having waived no right by not having raised it in the court below.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for appellants.
*Messrs. Bosch and Soto* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

This appeal, at the threshold, involves the right of the respondent to have obtained a judgment on the pleadings. There was a complaint and an answer but the court found

the answer insufficient and rendered judgment in favor of the complainant. This question was discussed and settled in the case of *Horton et al.* v. *Robert,* 11 P. R. R., 181. It has been the custom of the courts of this Island since the Code of Civil Procedure of 1904 went into effect to render these judgments. In the case of an insufficient answer such judgments may be likened to judgments by default inasmuch as, if the answer in no wise meets the essential averments of a complaint, it is equivalent to no answer.

The complaint was substantially as follows: Successors of José Martínez, a mercantile firm of San Juan, bring suit against Tomás Dávila & Co. to recover the sum of $4,088.57, based on the following facts: 1. That complainant and defendant have capacity to sue and be sued; 2. That the defendant firm by reason of mercantile transactions with the complainant firm has contracted in favor of the latter a debt of $912.01; 3. That the said mercantile firm has acquired by cession (assignment) from other firms domiciled in this city credits against said Tomás Dávila & Co. amounting to $3,176.56 in form as follows (naming seven firms and the amounts assigned from each to make up the total); 4. That complainant has not been able to recover from defendant the amount sued on in spite of its being overdue; 5. That the defendant has never paid the amount sued on.

The answer was as follows: Juan Miró y Castañer, managing partner of the firm of Tomás Dávila & Co., and in the above-entitled cause appears and sets forth: That the complainants do not present sufficient facts to give them a right to the action which they bring, the defendants relying on the following facts: 1. The defendant firm has had no relations with the complainant; 2. The defendant firm, as acknowledged by the complainants, is constituted in accordance with the Code of Commerce in existence in this Island; 3. The complainant in the third paragraph of the complaint sets forth cession of credits in its favor by other firms, the transfer of which has not been notified to the defendant;

4. The defendant took over the assets and liabilities of the merchant, Tomás Dávila, to-day managing partner of the mercantile firm of Tomás Dávila & Co.; 5. The sixth clause of the partnership contract authorizes any of its members to bring any action before the courts of the Island. Therefore it prays the court to take the complaint as answered and to dismiss it with costs against the complainants.

The answer would have been plainly insufficient to a good complaint wherein all the facts necessary to entitle complainant to sue had been set forth, but we need not analyze the reasons why the answer is bad, because we think the complaint fails altogether to state a cause of action. An adequate answer would have been difficult to frame.

The second clause of the complaint which states that the defendant owes complainant $912.01 on account of mercantile transactions sets forth a mere assertion or conclusion of law. *Green* v. *Palmer,* 15 Cal., 411, 76 Am. Dec., 492; *Garcia* v. *Preston,* 17 P. R. R., 556. Mercantile transactions are of infinite variety. The defendant had a right to know the nature of the claim against him.

The third clause of the complaint, although it names the firms and amounts from which the credits arose, is even less explicit. The complaint limits itself to describing these alleged obligations of the defendant as credits. They are not even classed as debts contracted by reason of mercantile transactions. When a credit is assigned the assignee merely steps into the shoes of the assignor. He is obliged to state the origin of his claim in the same manner as would the original owner or obligee (4 Cyc., 104). This principle is so elementary that it has been assumed rather than stated in the textbooks. On the other hand in the following cases complaints have been held to be good indirectly deciding the question. *Union Collection Co.* v. *National Fertilizer Co.,* 2 Cal. App., XIII; 82 Pac., 1129; *Greir* v. *Echo Oil Co.,* 8 Cal. App., 275; 96 Pac., 904; *Krieger* v. *Feeny,* 14 Cal. App., 538; 112 Pac., 901. The complainant must show the origin of his claim

as well as his title thereto. This is the inevitable inference from the cases cited.

By failing to make this objection below, if he did so fail, the defendant waived no right to object to the sufficiency of the complaint. When the objection is merely to the form or is dilatory, appellate courts will disregard the same. *Hentsch* v. *Porter,* 10 Cal., 560. The failure to state the origin of the claim is a matter of substance and the complainant could never legally recover a judgment on the complaint as it stands.

The defendant has a right to be discharged of a definite obligation. Section 109 of the Code of Civil Procedure gives this court the power to examine the sufficiency of the complaint, and we can properly exercise that power in the one before us. The judgment is reversed and without prejudice to right of complainant to seek permission to amend his complaint.

<em>Reversed.</em>

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.