SUCESORES DE JOSÉ MARTÍNEZ *v.* TOMÁS DÁVILA Y CÍA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 745.—Resuelto en febrero 24, 1912.

SENTENCIA FUNDADA EN LAS ALEGACIONES—CONTESTACIÓN INSUFICIENTE A LA DEMANDA.—La sentencia que se .dicta fundada en las alegaciones cuando la contestación es insuficiente, se puede decir que equivale a una sentencia en rebeldía, pues una contestación que no niega las alegaciones esenciales de la demanda no surte efecto alguno y es lo mismo que si no se hubiera formulado y en tales casos puede dictarse sentencia fundada en las alegaciones.

DEMANDA INSUFICIENTE—COBRO DE CRÉDITOS MERCANTILES CEDIDOS—ORIGEN Y. NATURALEZA DE LA RECLAMACIÓN—OBLIGACIÓN DEL CESIONARIO.—Una demanda en cobro de créditos mercantiles entablada por el cesionario de los mismos sin alegar el origen y naturaleza de dichos créditos, es insuficiente y no puede servir de base a una sentencia fundada en las alegaciones dictadas contra el demandado por el hecho de ser insuficiente la contestación.

ID.—CONCLUSIÓN LEGAL—DEMANDA EN COBRO DE CRÉDITOS MERCANTILES.—Constituye una conclusión legal el párrafo de una demanda que no expresa el origen y naturaleza de los créditos que se reclaman y el cual está redactado en los siguientes términos: ''Que la sociedad demandada por virtud de relaciones mercantiles con la sociedad demandante, tiene contraída a favor de ésta una deuda de $912.01.''

INSUFICIENCIA DE LA DEMANDA—ALEGACIÓN POR PRIMERA VEZ EN APELACIÓN— · ORIGEN DE LA RECLAMACIÓN.—El dejar de expresar en una demanda en cobro

de varios créditos mercantiles el origen de la reclamación, es una cuestión esencial y puede ser planteada por primera vez en apelación y que no queda renunciada por no haber sido alegada en el tribunal inferior.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Cayetano Coll Cuchí.*

Abogados de los apelados: *Sres. Bosch y Soto.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta apelación envuelve en primer término, la cuestión referente al derecho del apelado a que se dictara una sentencia fundada en las alegaciones. Se presentó una demanda y una contestación, pero la corte resolvió que la contestación era insuficiente y dictó sentencia a favor del demandante. Esta cuestión fué discutida y resuelta en el caso de *Horton y otros* v. *Robert,* 11 P. R. R., 181; 11 D. P. R., 176. Las cortes de esta Isla han tenido la práctica desde que el Código de Enjuiciamiento Civil de 1904 empezó a regir, de dictar estas sentencias. En los casos en que existe una contestación insuficiente, tales sentencias puedan compararse a las dictadas en rebeldía, puesto que, si en la contestación no se hace referencia alguna a las alegaciones esenciales de la demanda, es igual que si no se hubiera formulado contestación alguna.

La demanda es sustancialmente como sigue: Sucesores de José Martínez, sociedad mercantil de San Juan, establecen la presente acción contra Tomás Dávila y Cía. en cobro de la cantidad de $4,088.57, cuya acción fundan en los siguientes hechos: 1°. Que el demandante y demandado tienen capacidad para demandar y ser demandados; 2°. Que la sociedad demandada, por virtud de relaciones mercantiles con la sociedad demandante, tiene contraída a favor de ésta, una deuda de $912.01; 3°. Que la expresada mercantil ha adquirido por cesión de otras sociedades domiciliadas en esta ciudad, créditos contra dicha mercantil Tomás Dávila y Cía., ascendentes a $3,176.56 en esta forma (se mencionan siete sociedades y las sumas cedidas por cada una de las mismas forman el total); 4°. El demandante no ha podido cobrar del

deudor demandado la suma por la cual se ha establecido la acción á pesar de que se ha vencido el plazo para pagarla; 5°. Que el demandado jamás ha pagado la suma que se le reclama.

La contestación se expresaba del modo siguiente: Juan Miró y Castañer, socio gestor de la mercantil Tomás Dávila y Cía. y en el caso arriba expresado comparece y expone: Que los demandantes no aducen hechos suficientes que les dé derecho a la acción que ejercitan, y se fundan los demandados en los siguientes hechos: 1°. La sociedad demandada, no ha tenido trato alguno con la demandante; 2°. La sociedad demandada, según ha sido reconocido por los demandantes está constituída con arreglo al Código de Comercio vigente en esta Isla; 3°. La demandante alega en el hecho tercero de la demanda la cesión de créditos a su favor, cedidos por otras sociedades, cuya transferencia no ha sido notificada a la demandada; 4°. La demandada se hizo cargo del activo y pasivo del comerciante Tomás Dávila, gestor hoy de la mercantil colectiva Tomás Dávila y Cía.; 5°. La cláusula sexta del contrato de sociedad autoriza a cualesquiera de sus socios para establecer cualquier acción ante las cortes de esta Isla; por tanto, el demandado suplica a la corte tener por contestada la demanda y que se declare sin lugar imponiendo las costas a los demandantes.

Ciertamente que la contestación hubiera sido insuficiente si la demanda se hubiera presentado en debida forma y en ella se hubieran alegado todos los hechos necesarios que dieran derecho al demandante para establecer la acción, pero no es necesario que analicemos las razones que motivan la insuficiencia de la contestación, porque entendemos que la demanda deja de expresar en absoluto una causa de acción. Hubiera sido difícil formular una contestación en debida forma.

El segundo párrafo de la demanda que expresa que la demandada tiene contraída una deuda a favor de la demandante por la suma de $912.01 por virtud de relaciones mer-

cantiles, simplemente establece una alegación o conclusión legal. (*Green* v. *Palmer,* 15 Cal., 411; 76 Am. Dec., 492; *García del Valle* v. *Preston,* mayo 9, 1911, 17 Dec. de P. R., 586, Corte Suprema de Puerto Rico.) Las operaciones mercantiles son de clase ilimitada. La demandada tenía derecho a conocer la naturaleza de la reclamación que se le hizo.

Aunque en el tercer párrafo de la demanda se mencionan las sociedades y las sumas que motivaron los créditos, dicho párrafo es todavía menos explícito. La misma demanda se limita a describir como créditos esas supuestas obligaciones del demandado. Ni siquiera se clasifican como deudas contraídas por virtud de operaciones mercantiles. Cuando se hace la cesión de un crédito, el cesionario simplemente sustituye al cedente. El está obligado à expresar el origen de su reclamación de igual manera que lo estaría el primitivo dueño o persona cedente. (4 Cyc., 114.) Este principio es tan elemental que ha sido más bien admitido que no expresado en los libros de texto. Sin embargo, en los siguientes casos se ha resuelto que son suficientes las demandas, implícitamente resolviendo la cuestión: *Union Collection Co.* v. *National Fertilizer Co.,* 2 Cal., App. XIII; 82 Pac., 1129; *Greve* v. *Echo Oil Co.,* 8 Cal., App. 275, 96 Pac., 904; *Krieger* v. *Feeny,* 14 Cal., App., 538, 112 Pac., 901. El demandante debe mostrar el origen de su reclamación, así como el derecho que tiene para establecerla. Esta es la consecuencia inevitable de conformidad con los casos que han sido citados.

El demandado no renunció al derecho que tenía para oponerse a la suficiencia de la demanda, si es que no se opuso, por el hecho de haber dejado de hacer esta objeción ante la corte inferior. Cuando la objeción simplemente se hace con respecto a la forma, o es dilatoria, las cortes de apelación no la tomarán en consideración. (*Hentsch* v. *Porter,* 10 Cal., 560.) El dejar de expresar el origen de la reclamación es una cuestión esencial y el demandante legalmente jamás

podría obtener una sentencia fundada en la demanda tal como se encuentra redactada.

El demandado tiene derecho a que se le exima del cumplimiento de una obligación determinada. El artículo 109 del Código de Enjuiciamiento Civil autoriza a este tribunal para examinar la suficiencia de la demanda, y podemos ejercitar debidamente esa facultad en la que está sometida a nuestra consideración. Se revoca la sentencia, sin perjuicio del derecho que el demandante tenga para solicitar permiso para enmendar su demanda.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, del Toro y Aldrey.