Trautman, Demandante y Apelado, v. La Sociedad Trautman & Acha, Etc., Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.—Moción sobre desestimación de apelación.

No. 2676.—Resuelto en diciembre 12, 1922.

Apelación—Embargo para Aseguramiento de Sentencia—Término para Apelar una Orden Negando Levantamiento de Embargo.—No existe incompatibilidad entre la sección 14 de la ley para asegurar la efectividad de las sentencias y el artículo 295, inciso 3º., del Código de Enjuiciamiento Civil; por tanto, no es motivo para desestimar la apelación de una orden que negó el levantamiento de un embargo trabado para aseguramiento de sentencia, el hecho de que la apelación de tal orden, que se estableció al apelar de la sentencia que puso término al pleito, no se hubiera establecido dentro de los diez días de dictada.

Id.—Desestimación de Apelación—Exposición del Caso.—No procede desestimar una apelación establecida contra una orden que negó el levantamiento de un embargo, por el fundamento de que las actuaciones que sirvieron de base a la corte inferior para dictar la resolución apelada no se elevaran a esta corte en forma de exposición del caso.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. E. Rincón y L. Vizcarrondo.*

Abogado del apelado: *Sr. E. Flores Colón.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

En este caso la acción que se estableció ha sido en cobro de dinero, y con la demanda el demandante pidió y obtuvo el aseguramiento de la sentencia. Trabado el embargo sobre cierto inmueble del demandado, surgió el incidente en que dicho demandado solicitó de la corte inferior que anulara o levantara el embargo que se efectuó en el inmueble mencionado. Denegadas las pretensiones del demandado en ese sentido y dictada sentencia declarándose con lugar la de-

manda, el demandado interpuso apelación no sólo de la sentencia final sino también de la resolución de la corte inferior, denegando la anulación del embargo pedida por el demandado.

Es bien fácil comprender ahora que la resolución interlocutoria recaída en el incidente de embargo fué apelada juntamente con la sentencia final, y en esto el demandado no hizo mas que ajustarse a lo que dispone la sección 14 de la ley especial para segurar la efectividad de la sentencia, aprobada en marzo 1°, 1902, que dice:

"Todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio con relación al aseguramiento de sentencia, se sustanciarán en pieza separada, dándose traslado a la parte contraria, con citación para una comparecencia ante cualquiera de los jueces, en la cual se propondrán y practicarán las pruebas que cada una de las partes propusiere y fueren pertinentes, resolviéndose acto seguido por el tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculos para la continuación del pleito principal. Entre la citación, y la comparecencia de estos juicios verbales no mediará un término mayor de cinco días, y no se suspenderá la celebración de los mismos por ningún motivo. Toda resolución del tribunal será ejecutoria desde luego, pudiendo consignarse por la parte perjudicada la oportuna protesta a los efectos del recurso que la Ley de Procedimientos le conceda contra la sentencia definitiva."

Tal vez pudiera levantar dudas la disposición del artículo 295 en su apartado 3, en donde se prescribe que de una providencia anulando o negándose a anular un embargo podrá establecerse apelación dentro de los diez días de dictada la providencia o sentencia interlocutoria, y desde luego que si se aplicara aisladamente la disposición citada la apelación no tendría base para sostenerse, pero de un exámen que hemos hecho de diferentes casos de esta Corte Suprema sobre la misma materia envuelta en la moción de desestimación, entre los que podemos citar *Bolívar* v. *Aldrey, Juez de Distrito*, 12 D. P. R. 273; *Veve* v. *The Esperanza Central Sugar Co.,*

13 D. P. R. 259; *Roig* v. *Landrau,* 29 D. P. R. 315 y *Armstrong* v. *Irizarry,* 29 D. P. R. 607, hemos llegado a la conclusión que de una manera implícita se ha establecido que no existe incompatibilidad entre la sección 14 de la ley para asegurar la efectividad de sentencia, aprobada en marzo 1° de 1902, y el artículo 295 del Código de Enjuiciamiento Civil, y que se puede optar entre uno u otra disposición a los efectos de establecer la correspondiente apelación de la resolución anulando un embargo o de la negativa para anularlo.

Después de lo que en forma implícita quedaba resuelto y presentada la cuestión clara y definida en este caso, no creemos que exista razón legal alguna para que variemos la pauta que se había seguido escogiendo uno u otro medio para apelar que autoriza la ley sobre resoluciones que anulen o nieguen la nulidad de un embargo.

En tal sentido y habiendo el apelante escogido uno de los medios dispuestos en la ley para apelar un incidente de embargo, no estamos en caso de desestimar la apelación por tal motivo.

El segundo motivo de la moción alegando que el *certiorari* presentado por el demandado a esta corte para revisar la resolución de la corte inferior sobre la misma materia del embargo resolvió en el fondo el asunto, es enteramente erróneo. Por el contrario: la cuestión quedó abierta, declarando esta corte que el *certiorari* no era el remedio adecuado para revisar la resolución interlocutoria de la corte inferior y sí lo era la apelación que se había establecido para el caso de que no pudiera prosperar el derecho del demandado.

La segunda parte de la moción interesando la eliminación de ciertos extremos del récord, también debe desestimarse. Los particulares a que se refiere la moción son las actuaciones en que se fundó la corte inferior para dictar la resolución en el incidente de embargo; y siendo ese el objeto del demandado al incluirlas en el récord, no se hace necesario que para traer

tales actuaciones a esta corte formen parte de una exposición del caso.

Por todo lo expuesto, la moción del apelante en sus dos extremos, debe desestimarse.

*Sin lugar la desestimación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.