Körber & Co., Inc., demandante y apelada, *v.* Prudencio Muñoz y Jacinto Muñoz, demandados y apelantes

No. 3903.—*Visto:* Junio 16, 1926. *Resuelto:* Diciembre 16, 1926.

1. APELACIÓN Y ERROR—REVISIÓN—PROCEDIMIENTOS Y CUESTIONES INTERLOCUTORIOS, COLATERALES Y SUPLEMENTARIOS—EN APELACIÓN CONTRA SENTENCIA FINAL DICTADA EN UN CASO—RESOLUCIONES O PROVIDENCIAS APELABLES.—Negado el traslado de un pleito sin apelarse la resolución acordándolo, dicha cuestión no puede resolverse en apelación contra la sentencia dictada en el caso. (*Santiago* v. *Cabán,* 23 : 510, confirmado.)

2. SENTENCIAS—CASOS CONTENCIOSOS—CONGRUENCIA CON LAS DILIGENCIAS *(Process)*, ALEGACIONES, PRUEBAS Y VEREDICTOS Y CONCLUSIONES—CONGRUENCIA ENTRE LO ALEGADO Y PROBADO—IMPORTE RECLAMADO—INTERESES.—La sentencia que, conforme a la súplica de la demanda, condena al pago de intereses estipulados desde el vencimiento hasta el completo pago de la obligación que se reclama no concede intereses no pedidos porque en dicha demanda se exprese el importe de aquéllos a la fecha de la misma.

3. LETRAS Y PAGARÉS—ACCIONES—DE LA DEMANDA—INTERESES—ALEGACIÓN DE SU IMPORTE A LA FECHA DE LA DEMANDA Y EFECTO.—Reclamado el importe de una obligación, la alegación en la demanda del importe de los intereses devengados a la fecha de dicha demanda no es una limitación al derecho a cobrarlos hasta el total pago de la deuda reclamada.

4. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—CONDENA

EN COSTAS.—Una condena en costas contra unos demandados no es errónea cuando éstos, con el incumplimiento de su obligación, dan lugar a ser condenados a pagarla.

5. LETRAS Y PAGARÉS—ACCIONES—DE LA DEMANDA—ORIGEN O CAUSA DE LA OBLIGACIÓN RECLAMADA.—Cuando se reclama el importe de un pagaré como acreedor directo de los demandados no es necesario alegar en la demanda el origen o causa de la obligación reclamada.

SENTENCIA de *Miguel A. Muñoz, J.* (San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

*A. L. López* y *Julio Reguero*, abogados de los apelantes; *Henry G. Molina* y *Leopoldo Feliú*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La corporación Körber & Co., Inc., demandó en la Corte de Distrito de San Juan a don Prudencio Muñoz y a don Jacinto Muñoz en cobro de dinero alegando que los demandados suscribieron y entregaron a la demandante un pagaré en el que se comprometieron a pagar solidariamente el 30 de mayo de 1922 la cantidad de $1,131.90 con interés del 1 por ciento mensual desde su vencimiento: que en el mismo pagaré los demandados se sometieron a la jurisdicción de la Corte de Distrito de San Juan: que en 5 de julio de 1922 los demandados abonaron $200 a cuenta de ese pagaré por lo que están adeudando a la demandante la cantidad de $1,233.30, de ellos $931.90 por el resto del pagaré y $301.40 por intereses hasta la fecha de la demanda, suma que no le ha sido pagada a la demandante ni parte alguna de ella, por lo que solicitó sentencia a su favor por los $931.90 y sus intereses a razón del 1 por ciento mensual desde el 30 de mayo de 1922, los cuales hasta la fecha de la demanda ascendían a $301.40, haciendo un total hasta esa fecha de $1,233.30, y por las costas.

Los demandados excepcionaron la demanda y solicitaron el traslado del pleito a la Corte de Distrito de Humacao por ser la ciudad de Caguas el lugar de su residencia y ejercitarse en la demanda una acción personal, pero el traslado les fué negado por la corte inferior y entonces contes-

taron la demanda, celebrándose después el juicio, al que no asistieron los demandados, y la corte sentenció condenando a los demandados a pagar mancomunada y solidariamente a la demandante la cantidad de $931.90 de principal más intereses sobre la misma al 1 por ciento mensual desde el 30 de mayo de 1922 hasta su pago total, así como las costas, gastos, desembolsos y honorarios de abogado.

[1] El primer motivo de la apelación de los demandados contra esa sentencia es por haber negado la corte inferior el traslado del pleito al distrito del domicilio de los demandados, y se alega que aunque esa negativa no fué apelada podemos resolver esa cuestión en esta apelación contra la sentencia, citándosenos como aplicable el caso de *Trautman v. Sociedad Trautman & Acha*, 31 D.P.R. 268.

El artículo 305 del Código de Enjuiciamiento Civil dispone que en la apelación de una sentencia, la corte de apelación podrá revisar la resolución apelada y cualquiera otra providencia o resolución interlocutoria, si hubiese sido objeto de excepción y se refiera a los hechos en que la sentencia se base o necesariamente la afecte, excepto cuando se trate de una resolución o providencia de la que se hubiere podido apelar; y como el No. 3 del artículo 295 del mismo código autoriza apelación contra resolución que conceda o niegue el cambio de lugar para la celebración del juicio, no podemos resolver en esta apelación contra la sentencia si el traslado del pleito fué negado erróneamente, como pretende el apelante, y así lo resolvimos en el caso de *Santiago v. Cabán*, 23 D.P.R. 510. En cuanto al caso citado de *Trautman*, no tiene aplicación a éste porque en él se trataba de una orden que negó el levantamiento de un embargo y que declaramos ser revisable en apelación contra la sentencia definitiva de acuerdo con la ley para asegurar la efectividad de las sentencias aunque el No. 3 del artículo 295 del Código de Enjuiciamiento Civil permite apelación contra orden que anule o se niegue a anular un embargo,

porque no consideramos. esos recursos como incompatibles, sino electivos.

[2, 3] Se alega como segundo motivo que la corte inferior concedió más de lo que se había pedido en la demanda porque condenó a pagar intereses hasta el total pago de la deuda, concediendo así intereses no pedidos. Este error no existe, porque la demandante pidió en la súplica de su demanda que se condenase a los demandados al pago de $931.90 e intereses al 1 por ciento mensual desde el 30 de mayo de 1922, sin que su manifestación de que en la fecha de la demanda ascendían los intereses a $301.40 sea una limitación a su derecho a cobrarlos hasta el total pago de la deuda; y sin que sea de aplicación el caso de *Sucrs. de Oliva & Ca.* v. *Matienzo & Ca.,* 13 D.P.R. 293, porque en éste no se trataba de intereses sino de daños y perjuicios futuros que podían ocurrir o nó después de la sentencia.

[4] A pesar de que los demandados han dado lugar con la falta de cumplimiento de su obligación a ser condenados, se alega como tercer motivo del recurso que fué error el condenarlos también en costas, sin que en apoyo de tal alegado error se diga otra cosa sino que no es discreto agobiar con una condena de costas a los que no pueden pagar sus deudas, por lo que no le daremos más consideración.

[5] En el cuarto y último motivo se alega que la demanda es insuficiente porque no expresa la causa de la obligación que se reclama.

Para apoyar ese motivo se dice que .en el *syllabus* del caso de *Sucrs. de Martínez* v. *Dávila & Cía.,* 18 D.P.R. 80, hemos declarado que una demanda en cobro de créditos mercantiles entablada por el cesionario de los mismos sin alegar el origen y naturaleza de dichos créditos es insuficiente y no puede servir de base a una sentencia fundada en las alegaciones dictadas contra el demandado por el hecho de ser insuficiente la contestación; pero ese caso no es aplicable al presente porque el demandante no reclama

como cesionario de otra persona sino como acreedor directo de los demandados.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.