THE NATIONAL CITY BANK OF NEW YORK, demandante y apelante, *v.* FRANCISCO DE LA TORRE, MERCEDES DE LA TORRE y su esposo A. O'NEILL, demandados y apelados.

No. 5884.—*Sometido:* Noviembre 21, 1932. *Resuelto:* Enero 24, 1933.

*Fiddler & Newsom, Jr.,* abogados de la apelante; *J. Ramírez Santibáñez, R. M. Nadal* y *Luis Muñoz Morales,* abogados de Francisco de la Torre; *Luis Llorens Torres* y *O'Neill & O'Neill,* abogados de los esposos O'Neill-de la Torre.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Los apelados solicitan la desestimación del presente recurso fundados en la teoría de que una orden levantando en parte un embargo no es apelable. Tal orden es una decisión dentro del significado de la sección 14 de la "Ley para asegurar la efectividad de sentencias," aprobada el 1 de marzo de 1902 (Estatutos Revisados, sec. 5246), que provee como sigue:

"Toda resolución del tribunal será ejecutoria desde luego, pudiendo consignarse por la parte perjudicada la oportuna protesta, a los efectos del recurso que la Ley de Procedimientos le conceda contra la sentencia definitiva."

El artículo 295 del Código de Enjuiciamiento Civil de 1904 (Estatutos Revisados, sec. 5338), expresamente autoriza la apelación "de una providencia anulando o negándose a anular un embargo."

Los letrados de los apelados han dicho cuanto puede decirse en apoyo de la moción. La cuestión fué resuelta por esta corte en el caso de *Trautman* v. *La Sociedad Trautman & Acha,* 31 D.P.R. 268, y en el de *Santiago* v. *Maldonado,* íd. 280. Allí se dijo, según consta en el sumario del caso de Santiago, que:

"Una resolución negando la nulidad de un embargo puede ser apelada independientemente de la apelación contra la sentencia definitiva a condición de que se establezca dentro de diez días de dictada la orden, cuyo precepto no es incompatible con la sección 14 de la ley para asegurar la efectividad de las sentencias."

Si un alegato como el que ahora tenemos ante nos hubiera sido presentado hace diez años en cualquiera de los casos que acabamos de mencionar, quizá se hubiese llegado a una conclusión distinta. Cuestiones debatibles de procedimiento deben ser consideradas como ya resueltas una vez determinadas por decisiones judiciales que en la práctica han sido seguidas durante una década. Esto es especialmente cierto cuando, como en el presente caso, el efecto de alterar una regla establecida sería convertir en nugatoria

la última de dos disposiciones que pueden ser consideradas como que conceden un remedio y como que son acumulativas en sus disposiciones autorizando la apelación "de una providencia anulando o negándose a anular un embargo".

*Debe declararse sin lugar la moción.*